# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSH THOMAS,<br><br>    Plaintiff,<br><br>    v.<br><br>RENE WILKINSON, et al.,<br><br>    Defendants. | Case No. 1:15-cv-00527-LJO-DLB PC<br><br>FINDINGS AND RECOMMENDATIONS REGARDING PLAINTIFF'S MOTION TO REMAND ACTION<br>(Document 7)<br><br>THIRTY-DAY DEADLINE |

Plaintiff Josh Thomas ("Plaintiff") is a California state prisoner proceeding pro se in this civil action pursuant to 42 U.S.C. § 1983. The action was originally filed in the Fresno County Superior Court on April 21, 2014. Defendant Tehrani removed the action to this Court on April 2, 2015.[1]

On April 23, 2015, Plaintiff filed "objections" to the removal. Defendant filed an opposition on May 1, 2015. Plaintiff did not file a reply and the motion is ready for decision pursuant to Local Rule 230(l).

## **DISCUSSION**

Removal to federal court is proper where the federal court would have original subject matter jurisdiction over the complaint. 28 U.S.C. § 1441. Federal courts have original jurisdiction over civil actions "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. §

---

[1] It does not appear that Defendant Wilkinson has been served.

1

1331. A claim "arises under" federal law if, based on the well-pleaded complaint rule, the plaintiff alleges a federal claim for relief. <u>Vaden v. Discover Bank</u>, 556 U.S. 49 (2009).

Plaintiff's claims arise out of his contention that Defendants erroneously referred to another inmate's name and circumstances in his psychological evaluation report. As a result, Plaintiff's Board of Parole Hearing was postponed and Plaintiff alleges that this caused him to "[lose] his liberty interest in violation of both California and United States Constitutions Eighth and Fourteenth Amendment, including Plaintiff's civil rights under 42 U.S.C. § 1983." ECF No. 2-1, at 4.[2]

Despite Plaintiff's disagreement, his complaint squarely falls within the original jurisdiction of this Court and could have been brought in this Court in the first instance. Moreover, while his complaint also asserts state claims under California law, this does not deprive the Court of jurisdiction. Rather, the Court may exercise supplemental jurisdiction over such claims. 28 U.S.C. § 1367(a).

To the extent that Plaintiff suggests that Defendant removed only to avoid default, his argument is unsupported. Defendant was served with the complaint on March 6, 2015. Any responsive pleading in state court would have been due by April 6, 2015. Cal. Code Civ. Proc. § 412.20. Defendant also filed the instant notice of removal on April 2, 2015, well within the required thirty days. 28 U.S.C. § 1446(b). Plaintiff's contention that Defendant was in default is incorrect.

## **RECOMMENDATION**

Accordingly, the Court RECOMMENDS that Plaintiff's motion for remand be DENIED.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within thirty (30) days after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within

///

///

///

---

[2] The Court will not make a determination as to whether Plaintiff's allegations state a claim for which relief may be granted until it screens Plaintiff's complaint pursuant to 28 U.S.C. § 1915A.

1 the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951
2 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **May 28, 2015**                             /s/ *Dennis L. Beck*
                                                     UNITED STATES MAGISTRATE JUDGE