**UNITED STATES DISTRICT COURT**

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSH THOMAS,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>RENE WILKINSON, et al.,<br><br>　　　　Defendants. | Case No. 1:15-cv-00527-LJO-DLB PC<br><br>FINDINGS AND RECOMMENDATIONS FINDING CERTAIN CLAIMS COGNIZABLE AND DISMISSING REMAINING CLAIMS<br><br>THIRTY-DAY OBJECTION DEADLINE |

Plaintiff Josh Thomas ("Plaintiff") is a California state prisoner proceeding pro se in this civil action pursuant to 42 U.S.C. § 1983. The action was originally filed in the Fresno County Superior Court on April 21, 2014. Defendant Tehrani removed the action to this Court on April 2, 2015. There is no indication that Defendant Wilkinson has been served.

**A.　SCREENING REQUIREMENT**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . .

1

fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" Id. (quoting Twombly, 550 U.S. at 555). While factual allegations are accepted as true, legal conclusions are not. Id.

Section 1983 provides a cause of action for the violation of Plaintiff's constitutional or other federal rights by persons acting under color of state law. Nurre v. Whitehead, 580 F.3d 1087, 1092 (9th Cir 2009); Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). Plaintiff's allegations must link the actions or omissions of each named defendant to a violation of his rights; there is no respondeat superior liability under section 1983. Iqbal, 556 U.S. at 676-77; Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1020-21 (9th Cir. 2010); Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009); Jones, 297 F.3d at 934. Plaintiff must present factual allegations sufficient to state a plausible claim for relief. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The mere possibility of misconduct falls short of meeting this plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

**B.      SUMMARY OF PLAINTIFF'S ALLEGATIONS**

Plaintiff is currently incarcerated in the California Medical Facility in Vacaville, California. The events at issue occurred while Plaintiff was incarcerated at the California Substance Abuse Treatment Facility in Corcoran, California.

Plaintiff alleges that in January 2008, Defendant Wilkinson, a forensic assessment psychologist and contractor for the Board of Parole Hearings ("Board"), referenced another inmate (Inmate Carranza) and included the inmate's data, in Plaintiff's Psychological Evaluation Report.

Plaintiff points to the following portion of his evaluation:

> Mr. Carranza's elevated "historical" variables included previous violence (i.e., life crime), and substance abuse problems (i.e., PCP abuse). There was one moderately elevated item on relationship instability. Given that the bulk of data contributing to this estimate is historical, then by definition, this score is not amenable to significant change regardless of the number of years of his incarceration.
>
> In the "clinical" or more current and dynamic domain of risk assessment score, the inmate had one moderate elevation on lack of insight due to his problems with perceiving his flaws and failures and his tendency to divert responsibility to external events and others.

ECF No. 2-1, at 17.

Plaintiff contends that the Board and Plaintiff's attorney determined that the mistake caused serious prejudice at Plaintiff's hearing, and the hearing was postponed.

Plaintiff next alleges that he and the Board gave notice to Defendant Tehrani, Senior Psychologist and Defendant Wilkinson's supervisor, that Defendant Wilkinson made an erroneous reference to another inmate and inserted his data into Plaintiff's evaluation, "with no result." ECF No. 2-1, at 6. Plaintiff states that he requested that Inmate Carranza's information be removed from the report.

On January 28, 2009, Defendant Tehrani responded to Plaintiff's request, finding that the error did not invalidate the report. Defendant Tehrani said that the typing error had been corrected and a revised copy of the report was submitted. She concluded, "The January 2008 Psychological Evaluation is valid and will serve as the evaluation on record at the time of the upcoming hearing. A new Psychological Evaluation is not warranted."[1] ECF No. 2-1, at 21.

Plaintiff argues that Defendant Wilkinson generated the same report, and while he removed Inmate Carranza's name, Carranza's data was left in the report. The Board relied on this to deny Plaintiff parole. Plaintiff alleges that each time he has a parole hearing, the Board reviews Inmate Carranza's data, causing Plaintiff to be denied a parole date.

///

///

---

[1] Defendant Tehrani also explained as follows: "The facts and references made in the report are individualized and specific to Mr. Thomas; there is no evidence to suggest that the evaluator commingled the records from two different inmates. The opinions and conclusions, including those pertaining to diagnoses and violence risk potential, are clearly supported by data gleaned from Mr. Thomas' file." ECF No. 2-1, at 21.

Moreover, as a result of the commingling of data, Plaintiff believes that the Board recommended mental health therapy. Plaintiff filed a grievance requesting such therapy, but the request was denied. ECF No. 2-1, at 35-36.

Finally, Plaintiff contends that Defendants Wilkinson and Tehrani "knowingly, willingly and intentionally refused to generate a new Psychological Evaluation Report," despite a request by the Board and Plaintiff on two occasions. ECF No. 2-1, at 8. He further contends that they falsified his evaluation report, which the Board relied on to deny parole and order mental health therapy.

Based on these allegations, Plaintiff contends that his Fourth, Fifth and Eighth Amendment rights were violated. He also alleges state law claims for negligence and "intentional tort," and claims that Defendants falsified his report in violation of California Penal Code sections 133 and 134.

For relief, Plaintiff requests $2,500,000 dollars in damages.

**C.      DISCUSSION**

      1.      Eighth Amendment

The Eighth Amendment protects prisoners from inhumane methods of punishment and from inhumane conditions of confinement. Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006). Extreme deprivations are required to make out a conditions of confinement claim, and only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation. Hudson v. McMillian, 503 U.S. 1, 9, 112 S.Ct. 995 (1992) (citations and quotations omitted). In order to state a claim for violation of the Eighth Amendment, the plaintiff must allege facts sufficient to support a claim that prison officials knew of and disregarded a substantial risk of serious harm to the plaintiff. E.g., Farmer v. Brennan, 511 U.S. 825, 847, 114 S.Ct. 1970 (1994); Thomas v. Ponder, 611 F.3d 1144, 1150-51 (9th Cir. 2010); Foster v. Runnels, 554 F.3d 807, 812-14 (9th Cir. 2009); Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998).

///
///
///

Plaintiff alleges that Defendants deliberately and knowingly refused to correct information in his Psychological Evaluation, which led to the repeated denial of parole.[2] Inherent in his claim is a contention that if the information is not corrected, the Board will continue to assess incorrect information at future hearings.

The Court finds that this states a claim under the Eighth Amendment.[3]

2.  Fifth Amendment

While Plaintiff cites the Fifth Amendment, his due process claim falls under the Fourteenth Amendment. "[T]he Fifth Amendment's due process clause applies only to the federal government." Bingue v. Prunchak, 512 F.3d 1169, 1174 (9th Cir. 2008).

To the extent that Plaintiff alleges that Defendants intentionally falsified his Psychological Evaluation, there no constitutional right to be free from a false evaluation. See eg., Hernandez v. Johnston, 833 F.2d 1316, 1319 (9th Cir. 1987) (Due Process Clause itself does not confer on inmates a liberty interest in avoiding more adverse conditions of confinement and an independent right to an accurate prison record, grounded in the Due Process Clause, has not been recognized). Under state law, liberty interests created by prison regulations are limited to freedom from restraint which imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life, and Plaintiff's allegations concerning his evaluation do not support a claim for relief. Wilkinson, 545 U.S. at 221 (citing Sandin v. Conner, 515 U.S. 472, 484, 115 S.Ct. 2293 (1995)) (quotation marks omitted).

Moreover, "[t]here is no right under the Federal Constitution to be conditionally released before the expiration of a valid sentence and the States are under no duty to offer parole to their prisoners." Swarthout v. Cooke, 562 U.S. 216, 220 (2011). "When, however, a State creates a liberty interest, the Due Process Clause requires fair procedures for its vindication - and federal courts will review the application of those constitutionally required procedures." Id. California has

---

[2] Plaintiff is not requesting immediate release, nor is he arguing that parole should otherwise have been granted had the report been accurate. Indeed, even if the correct information is inserted into his evaluation, parole is certainly not guaranteed. His challenge, therefore, does not "necessarily imply" the invalidity of the Board's decisions or his continued confinement. Neal v. Shimoda, 131 F.3d 818, 824 (9th Cir. 1997).

[3] Plaintiff will be instructed on service if and when these Findings and Recommendations are adopted by the District Court.

5

1    created a liberty interest in parole, Roberts v. Hartley, 640 F.3d 1042, 1045 (9th Cir. 2011), but the

2    procedural protections due Plaintiff are minimal, Swarthout, 562 U.S. at 220; Roberts, 640 F.3d at

3    1045-46.  A prisoner receives adequate process when they are given an opportunity to be heard and

4    provided with a statement of the reasons why parole was denied.

5        Plaintiff does not contend that he was denied the procedures to which he was due and he

6    therefore fails to state a claim under the Due Process clause.  This claim cannot be cured by

7    amendment.

8        3.    Fourth Amendment

9        Plaintiff cites the Fourth Amendment, which protects citizens against unlawful searches and

10   seizures.  The Fourth Amendment, however, does not protect an inmate from the seizure and

11   destruction of his property.  Taylor v. Knapp, 871 F.2d 803, 806 (9th Cir. 1989).

12       In any event, Plaintiff does not set forth any facts that would implicate an unlawful search

13   and seizure, which would be analyzed under the Fourteenth Amendment.

14       This claim cannot be cured by amendment.

15       4.    State Law Claims

16       Pursuant to 28 U.S.C. § 1367(a), in any civil action in which the district court has original

17   jurisdiction, the district court "shall have supplemental jurisdiction over all other claims in the action

18   within such original jurisdiction that they form part of the same case or controversy under Article

19   III," except as provided in subsections (b) and (c).  "[O]nce judicial power exists under § 1367(a),

20   retention of supplemental jurisdiction over state law claims under 1367(c) is discretionary."  Acri v.

21   Varian Assoc., Inc., 114 F.3d 999, 1000 (9th Cir. 1997).

22       Plaintiff appears to be alleging state law causes of action for negligence and an "intentional

23   tort," though he does not specify the nature of the intentional tort.  Plaintiff states a claim for

24   negligence and intentional infliction of emotional distress based on his allegations.

25   **D.    FINDINGS AND RECOMMENDATIONS**

26       Based on the above, the Court finds that Plaintiff states an Eighth Amendment claim and

27   state law claims for negligence and intentional infliction of emotional distress against Defendants

28   ///

6

Wilkinson and Tehrani. He does not state any other claims and the remaining claims are therefore dismissed.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within thirty (30) days after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: **October 5, 2015**                    /s/ *Dennis L. Beck*
                                              UNITED STATES MAGISTRATE JUDGE