# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSH THOMAS,<br><br>            Plaintiff,<br><br>    v.<br><br>RENE WILKINSON, et al.,<br><br>            Defendants. | Case No. 1:15-cv-00527-LJO-DLB PC<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION<br><br>(Document 17) |

Plaintiff Josh Thomas ("Plaintiff") is a California state prisoner proceeding pro se in this civil action pursuant to 42 U.S.C. § 1983.  Plaintiff filed this action in the Fresno County Superior Court on April 21, 2014, and Defendant Tehrani removed the action to this Court on April 2, 2015.

On October 5, 2015, the Magistrate Judge issued Findings and Recommendations that the action go forward on Plaintiff's claim under the Eighth Amendment, and that the remaining claims be dismissed for failure to state a claim.

On January 19, 2016, the Court issued an order modifying the Findings and Recommendations and dismissing the action for failure to state a claim.

On February 4, 2016, Plaintiff filed "objections" to the Court's dismissal.  Defendant did not file an opposition.  The motion is ready for decision pursuant to Local Rule 230(l).

///

///

1

## A. LEGAL STANDARD

"A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571 F.3d 873, 880 (9th Cir. 2009) (internal quotations marks and citations omitted). "A party seeking reconsideration must show more than a disagreement with the Court's decision, and recapitulation" of that which was already considered by the Court in rendering its decision. United States. v. Westlands Water Dist., 134 F.Supp.2d 1111, 1131 (E.D.Cal. 2001).

To succeed, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision. See Kern-Tulare Water Dist. v. City of Bakersfield, 634 F.Supp. 656, 665 (E.D.Cal. 1986), aff'd in part and rev'd in part on other grounds, 828 F.2d 514 (9th Cir. 1987). Additionally, pursuant to this Court's Local Rules, when filing a motion for reconsideration, a party must show what "new or different facts or circumstances claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion." Local Rule 230(j).

## B. ANALYSIS

Plaintiff argues that the Court abused its discretion in dismissing the action based on Defendant's "presumption" that this action necessarily implies the invalidity of the Parole Board's findings. ECF No. 17, at 3. As he did in his objections, Plaintiff argues that he did not challenge the Board's finding that he was not suitable for parole, or the fact or duration of his confinement. He also contends that he did not request a new hearing or demand restoration of good time credits.

These are not new arguments, and Plaintiff's mere disagreement with the Court's order does not warrant reconsideration. The Court understands that Plaintiff is suing two individual psychologists, rather than the Parole Board, but *who* he sues does not negate the premise of his action. As the Court explained previously, the allegations in Plaintiff's complaint necessarily imply the invalidity of the Parole Board's decisions.

For example, Plaintiff alleges that the Board "based their denial of parole on the false data," which implies that the Board would have granted parole if not for the existence of the false

1  information.  ECF No. 2-1, at 8.  He also alleges that "each time Plaintiff ha[s] a parole [he]aring the
2  Board of Parole Hearing Commissioners review inmate Carranza'[s] data, caus[ing] Plaintiff [to] be
3  denied a parole date."  ECF No. 2-1, at 5.  Plaintiff cannot disavow the implications of his own
4  allegations to avoid dismissal.

5    Even if his claims did not necessarily imply the invalidity of the denials, Plaintiff would not
6  have stated a claim under the Eighth or Fourteenth Amendments against Defendant psychologists
7  based on hearing delays or parole denials.

8    Extreme deprivations are required to make out an Eighth Amendment conditions of
9  confinement claim, and only those deprivations denying the minimal civilized measure of life's
10 necessities are sufficiently grave to form the basis of an Eighth Amendment violation.  Hudson v.
11 McMillian, 503 U.S. 1, 9, 112 S.Ct. 995 (1992) (citations and quotations omitted).  In order to state a
12 claim for violation of the Eighth Amendment, the plaintiff must allege facts sufficient to support a
13 claim that prison officials knew of and disregarded a substantial risk of serious harm to the plaintiff.
14 Farmer v. Brennan, 511 U.S. 825, 847, 114 S.Ct. 1970 (1994); Foster, 554 F.3d at 812.  The delay or
15 denial of parole is not sufficiently serious to satisfy the objective component, or the requisite state of
16 mind, for an Eighth Amendment claim.

17   As to the Fourteenth Amendment, "[t]here is no right under the Federal Constitution to be
18 conditionally released before the expiration of a valid sentence and the States are under no duty to
19 offer parole to their prisoners."  Swarthout v. Cooke, 131 S.Ct. 859, 862 (2011).  "When, however, a
20 State creates a liberty interest, the Due Process Clause requires fair procedures for its vindication -
21 and federal courts will review the application of those constitutionally required procedures."
22 Swarthout, 131 S.Ct. at 862.  California has created a liberty interest in parole, Roberts v. Hartley,
23 640 F.3d 1042, 1045 (9th Cir. 2011), but the procedural protections due Plaintiff are minimal, i.e., an
24 opportunity to be heard and a statement of reasons for the denial. See Swarthout,  131 S.Ct. at 862.

25   Plaintiff does not allege that he was denied any of the process he was due.  He alleges that a
26 January 2008 hearing was delayed to permit a correction of Plaintiff's records, though he states that
27 he continued to receive hearing(s).
28    ///

Plaintiff also alleges that he has a liberty interest in the accuracy of his prison files. He is incorrect. The Due Process Clause itself does not confer on inmates a liberty interest in avoiding more adverse conditions of confinement and an independent right to an accurate prison record, grounded in the Due Process Clause, has not been recognized. Hernandez v. Johnston, 833 F.2d 1316, 1319 (9th Cir. 1987).

For these reasons, Plaintiff's motion is DENIED.

IT IS SO ORDERED.

Dated:   **March 3, 2016**            /s/ Lawrence J. O'Neill
                                       UNITED STATES DISTRICT JUDGE