UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSH THOMAS,<br><br>            Plaintiff,<br><br>    vs.<br><br>WILKINSON, et al.,<br><br>            Defendants. | 1:15-cv-00527-LJO-GSA-PC<br><br>ORDER DENYING PLAINTIFF'S REQUEST FOR DEFAULT JUDGMENT<br><br>(ECF No. 35.) |

## I.    BACKGROUND

Josh Thomas ("Plaintiff") is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff filed the complaint commencing this action on April 21, 2014, at the Fresno County Superior Court, case number 14CECG01710.  On April 2, 2015, defendant Jasmine A. Tehrani removed the complaint to federal court pursuant to 28 U.S.C. § 1441(a).  (ECF No. 1.)  This case now proceeds on the original complaint against defendants Jasmine A. Tehrani and Renee Wilkinson, Ph.D[1] ("Defendants") on Plaintiff's Eighth Amendment claim that Defendants refused to correct inaccurate information on Plaintiff's psychological report, which led to the repeated denial of parole; and on related state claims. (Id.)

---

[1] Sued as "Rene Wilkinson."  (ECF No. 41 at 1:23-34.)

1

On September 23, 2016, Plaintiff filed a request for default judgment against defendant Tehrani. (ECF No. 35.) On September 29, 2016, defendant Tehrani filed an opposition. (ECF No. 36.) On October 13, 2016, Plaintiff filed a reply. (ECF No. 37.) Plaintiff's request for default judgment is now before the court.

## II. DEFAULT JUDGMENT

### A. Legal Standards

#### 1. Federal Rule of Civil Procedure 55

Entry of default is appropriate as to any party against whom a judgment for affirmative relief is sought that has failed to plead or otherwise defend as provided by the Federal Rules of Civil Procedure and where that failure is shown by affidavit or otherwise. See Fed. R. Civ. P. 55(a). If a defendant fails to plead or otherwise defend an action after being properly served with a summons and complaint, a default judgment may be entered pursuant to Rule 55(a) of the Federal Rules of Civil Procedure. Default is generally disfavored. In re Hammer, 940 F.2d 524, 525 (9th Cir. 1991); Westchester Fire Ins. Co. v. Mendez, 585 F.3d 1183, 1189 (9th Cir. 2009).

#### 2. Local Rule 110

Local Rule 110 provides, "Failure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court." L. R. 110.

#### 3. Computing Time

In computing a time period specified in the Federal Rules of Civil Procedure, when the period is stated in days and the last day of the period is a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday. Fed. R. Civ. P. 6(a)(1)(c). Furthermore, pursuant to Rule 6(d), "When a party may or must act within a specified time after service and service is made under Rule 5(b)(2)(C) (mail), (D) (leaving with the clerk), or (F) (other means consented to), 3 days are added after the period would otherwise expire under Rule 6(a)." Fed. R. Civ. P. 6(d).

///

**B.      Plaintiff's Motion**

Plaintiff argues that under Rule 55 of the Federal Rules of Civil Procedure and Local Rule 110, he is entitled to default judgment against defendant Tehrani because defendant Tehrani filed her motion to dismiss too late, after the court's thirty-day deadline had expired. Plaintiff asserts that on July 27 or 28, 2016, the court issued an order requiring defendant Tehrani to file a response to the complaint within thirty days of the date of service of the order. (ECF No. 28.)  Defendant Tehrani filed a motion to dismiss on August 29, 2016. (ECF No. Plaintiff argues that because August 29, 2016 is more than thirty days after July 28, 2016, defendant Tehrani's motion to dismiss was filed late. Plaintiff requests default judgment against defendant Tehrani.

Defendant Tehrani argues that she is not in default for filing her motion to dismiss late. Defendant asserts that "[i]n its 'Order Granting Joint Motion to Vacate Judgment and Reopening this Action,' the Court stated: 'Defendant Tehrani SHALL file a response to the complaint within thirty (30) days *of the date of service of this order.'* (ECF No. 28 at 3 [second emphasis added].) Although that Order was *dated* July 27, 2016, it was *served* on Defendant Tehrani, via the Court's Electronic Filing System (ECF), on July 28, 2016. Thirty days after July 28, 2016 was Saturday, August 27, 2016."  (ECF No. 36 at 2:6-11.)  Defendant Tehrani argues that because her deadline to file a responsive pleading fell on a Saturday, under Rule 6(a) the deadline automatically extended to the following Monday—August 29, 2016, and therefore her motion to dismiss was timely filed and she is not in default.

**B.      Discussion**

In this instance, 30 days from July 28, 2016, the date the court's order was served, was August 27, 2016, which was a Saturday. (ECF No. 28.)  Therefore, under Federal Rule of Civil Procedure 6(a)(1)(c), the 30 day-deadline for defendant Tehrani to file a response to the complaint was extended until Monday, August 29, 2016.  Further, under Rule 6(a) defendant Tehrani was entitled to 3 additional days to file her response, until September 1, 2016. Fed. R. Civ. P. 6(d).  Defendant Tehrani timely filed her motion to dismiss on August 29, 2016. (ECF No. 31.)  Therefore, Plaintiff's motion for default judgment shall be denied.

### III. CONCLUSION

Based on the foregoing, IT IS HEREBY ORDERED that Plaintiff's request for default judgment, filed on September 23, 2016, is DENIED.

IT IS SO ORDERED.

    Dated: __**January 18, 2017**__            __/s/ Gary S. Austin__
                                                                UNITED STATES MAGISTRATE JUDGE