UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

JOSH THOMAS,

       Plaintiff,

    vs.

WILKINSON, et al.,

       Defendants.

1:15-cv-00527-LJO-GSA-PC

ORDER GRANTING DEFENDANT TEHRANI'S MOTION TO STRIKE (ECF No. 38.)

ORDER STRIKING PLAINTIFF'S SURREPLY (ECF No. 37.)

## I.    BACKGROUND

Josh Thomas ("Plaintiff") is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff filed the complaint commencing this action on April 21, 2014, at the Fresno County Superior Court, case number 14CECG01710.  On April 2, 2015, defendant Jasmine A. Tehrani removed the complaint to federal court pursuant to 28 U.S.C. 1441(a).  (ECF No. 2.)  This case now proceeds on the original complaint against defendants Jasmine A. Tehrani and Renee Wilkinson, Ph.D[1] ("Defendants") on Plaintiff's Eighth Amendment claim that Defendants refused to correct inaccurate information on Plaintiff's psychological report, which led to the repeated denial of parole; and on related state claims. (Id.)

---

[1] Sued as "Rene Wilkinson."  (ECF No. 41 at 1:23-34.)

On August 29, 2016, defendant Tehrani file a Rule 12(b)(6) motion to dismiss.  (ECF No. 31.)  On September 23, 2016, Plaintiff filed an opposition to the motion to dismiss.  (ECF No. 35.)  On September 29, 2016, defendant Tehrani filed a reply to Plaintiff's opposition. (ECF No. 36.)  On October 13, 2016, Plaintiff filed a response to defendant Tehrani's reply. (ECF No. 37.)

On October 20, 2016, defendant Tehrani filed a motion to strike Plaintiff's October 13, 2016 response as an impermissible surreply.  (ECF No. 38.)  On November 11, 2016, Plaintiff filed an opposition to the motion to strike.  (ECF No. 40.)  Defendant Tehrani's motion to strike is now before the court.

## II.   SURREPLIES

A surreply, or sur-reply, is an additional reply to a motion filed after the motion has already been fully briefed.  USLegal.com, http://definitions.uslegal.com/s/sur-reply/ (last visited December 31, 2013).  The Local Rules provide for a motion, an opposition, and a reply. Neither the Local Rules nor the Federal Rules provide the right to file a surreply.  A district court may allow a surreply to be filed, but only "where a valid reason for such additional briefing exists, such as where the movant raises new arguments in its reply brief."  Hill v. England, 2005 WL 3031136, *1 (E.D.Cal. Nov. 8, 2005).

Defendant Tehrani argues that Plaintiff's document styled "Opposition to Defendant[] Tehrani's Reply," filed on October 13, 2016, is an improper surreply, and the Court should strike it from the record.  (ECF No. 38 at 3:5-7.)  In opposition, Plaintiff argues that his surreply should be allowed to protect his record on appeal, and that defendant Tehrani should be ordered to submit evidence that Plaintiff's Eighth Amendment, negligence, and intentional infliction of emotional distress were litigated in his prior habeas case.

Plaintiff's opposition to defendant Tehrani's reply is a surreply because it was filed on October 13, 2016, after defendant Tehrani's motion to dismiss was fully briefed.  The motion to dismiss was fully briefed and submitted on the record under Local Rule 230(*l*) on September 29, 2016, when defendant Tehrani filed a reply to Plaintiff's opposition.  (ECF No. 36.)  In this case, the court neither requested any surreply nor granted a request on the behalf of Plaintiff to

file a surreply.  Plaintiff has not shown good cause for the court to allow him to file a surreply at this juncture.   Therefore, defendant Tehrani's motion to strike shall be granted, and Plaintiff's surreply shall be stricken from the record as improperly filed.

**III.**     **CONCLUSION**

Based on the foregoing, IT IS HEREBY ORDERED that:

1.      Defendant Tehrani's motion to strike, filed on October 20, 2016, is GRANTED; and

2.      Plaintiff's surreply, filed on October 13, 2016, is STRICKEN from the court's record.

IT IS SO ORDERED.

Dated:   **January 18, 2017**                          **/s/ Gary S. Austin**
                                                              UNITED STATES MAGISTRATE JUDGE