UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSH THOMAS,<br><br>        Plaintiff,<br><br>    vs.<br><br>WILKINSON, et al.,<br><br>        Defendants. | 1:15-cv-00527-LJO-GSA-PC<br><br>FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT DEFENDANT TEHRANI'S RULE 12(b)(6) MOTION TO DISMISS THE CLAIMS AGAINST HER AS BARRED BY STATUTE OF LIMITATIONS BE GRANTED<br>(ECF No. 31.)<br><br>OBJECTIONS, IF ANY, DUE WITHIN 30 DAYS |

**I.      BACKGROUND**

Josh Thomas ("Plaintiff") is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed the complaint commencing this action on April 21, 2014, at the Fresno County Superior Court, case number 14CECG01710. (ECF No. 2, Exh. A.) On April 2, 2015, defendant Jasmine A. Tehrani removed the complaint to federal court pursuant to 28 U.S.C. 1441(a). (ECF No. 2.) This case now proceeds on the original complaint against defendants Jasmine A. Tehrani and Renee Wilkinson, Ph.D.[1] ("Defendants") on Plaintiff's Eighth Amendment deliberate indifference claim and related state claims. (Id.)

---

[1] Sued as "Rene Wilkinson." (ECF No. 41 at 1:23-34.)

1

On January 19, 2016, the court dismissed Plaintiff's complaint as barred by the favorable termination doctrine of <u>Heck v. Humphrey</u>, 512 U.S. 477 (1994). (ECF No. 15.) Plaintiff appealed the dismissal to the Ninth Circuit Court of Appeals. (ECF Nos. 18, 23.) The parties conferred and agreed that Plaintiff's complaint was not <u>Heck</u>-barred and filed a stipulated motion to dismiss the appeal in the Ninth Circuit. Subsequently the parties filed a joint motion in the district court to vacate the judgment and modify the dispositive order. (ECF Nos. 25-27.) On July 28, 2016, the district court granted the parties' joint motion, reopened the case and ordered defendant Tehrani to file a responsive pleading within thirty days. (ECF No. 28.)

On August 29, 2016, defendant Tehrani filed a Rule 12(b)(6) motion to dismiss the complaint on the grounds that: (1) Plaintiff's claims are barred by the applicable statute of limitations; (2) Plaintiff's claims are barred by the doctrine of res judicata; and (3) Plaintiff failed to exhaust his state law claims with the California Victim Compensation and Government Claims Board pursuant to the Tort Claims Act (Cal. Gov't Code §§ 810, 900-935.7). (ECF No. 31.) On September 23, 2016, Plaintiff filed an opposition to the motion. (ECF No. 35.) On September 29, 2016, defendant Tehrani filed a reply to the opposition. (ECF No. 36.) Defendant Tehrani requests that if the court grants her motion to dismiss, the dismissal count as a "strike" for purposes of 28 U.S.C. § 1915(g).

Defendant Wilkinson also filed a motion to dismiss on November 11, 2016, pursuant to Federal Rules of Civil Procedure Rule 12(b)(1) and Rule 12(b)(6) on the following grounds: that Dr. Wilkinson is immune from suit based upon the doctrine of quasi-judicial immunity and California Civil Code section 47(b) and 47(c), and because the Complaint fails to state a claim upon which relief can be granted. (ECF No. 43.) Defendant Wilkinson also requested leave to join in defendant Tehrani's motion to dismiss. (<u>Id.</u>) Defendant Wilkinson's separate motion and joinder in this motion will be addressed in a later and separate ruling given that Plaintiff has been granted an extension of time to respond to her motions.

Defendant Tehrani's motion to dismiss is now before the court. Local Rule 230(*l*).

///

1 ///

2 **II.  SUMMARY OF PLAINTIFF'S ALLEGATIONS**

Plaintiff is a currently incarcerated at the California Medical Facility in Vacaville, California.  The events at issue occurred while Plaintiff was incarcerated at the California Substance Abuse Treatment Facility in Corcoran, California, in the custody of the California Department of Corrections and Rehabilitation.

Plaintiff alleges that Defendants refused to correct inaccurate information in Plaintiff's psychological evaluation report which led to the repeated denial of his parole.  Plaintiff points to the following portion of his evaluation, which erroneously contains information about another inmate named Carranza (Inmate Carranza), discussing Inmate Carranza's history of violence and substance abuse:

> Mr. Carranza's elevated "historical" variables included previous violence (i.e., life crime), and substance abuse problems (i.e., PCP abuse). There was one moderately elevated item on relationship instability. Given that the bulk of data contributing to this estimate is historical, then by definition, this score is not amenable to significant change regardless of the number of years of his incarceration.
>
> In the "clinical" or more current and dynamic domain of risk assessment score, the inmate had one moderate elevation on lack of insight due to his problems with perceiving his flaws and failures and his tendency to divert responsibility to external events and others.

(ECF No. 2-1, at 17.)

Plaintiff alleges that the Board of Parole Hearings (Board) and Plaintiff's attorney determined that the mistake caused serious prejudice at Plaintiff's parole hearing, thus the hearing was postponed.

Plaintiff next alleges that he and the Board gave notice to defendant Tehrani, Senior Psychologist and defendant Wilkinson's supervisor, that defendant Wilkinson made an erroneous reference to another inmate and inserted the other inmate's (Inmate Carranza) data into Plaintiff's evaluation, "with no result." (ECF No. 2-1, at 6.)  Plaintiff states that he requested that Inmate Carranza's information be removed from the report.

On January 28, 2009, defendant Tehrani responded to Plaintiff's request finding that the error did not invalidate the report. Defendant Tehrani said that the typing error had been

corrected and a revised copy of the report was submitted. She concluded, "The January 2008 Psychological Evaluation is valid and will serve as the evaluation on record at the time of the upcoming hearing. A new Psychological Evaluation is not warranted."[2] (ECF No. 2-1, at 21.) Plaintiff argues that defendant Wilkinson then generated the same report, and while he removed Inmate Carranza's name, Inmate Carranza's data was left in the report. The Board relied on this report to deny Plaintiff parole. Plaintiff alleges that each time he has a parole hearing the Board reviews Inmate Carranza's data causing Plaintiff to be denied a parole date.

Moreover, as a result of the commingling of data, Plaintiff believes that the Board recommended mental health therapy for Plaintiff. Plaintiff filed a grievance requesting such therapy, but the request was denied. (ECF No. 2-1, at 35-36.)

Finally, Plaintiff contends that defendants Wilkinson and Tehrani not only falsified his psychological evaluation report, which the Board relied on to deny parole and order mental health therapy, but "knowingly, willingly and intentionally refused to generate a new Psychological Evaluation Report," despite a request by the Board and Plaintiff on two occasions. (ECF No. 2-1, at 8.)

Based on these allegations, Plaintiff contends that his Fourth, Fifth, and Eighth Amendment rights were violated. He also alleges state law claims for negligence and "intentional tort," and alleges that Defendants falsified his report in violation of California Penal Code sections 133 and 134.

Plaintiff requests $2,500,000 dollars in damages.

### III. LEGAL STANDARDS

#### A. Rule 12(b)(6) Motion To Dismiss For Failure To State A Claim

In considering a motion to dismiss, the court must accept all allegations of material fact in the complaint as true. Erickson v. Pardus, 551 U.S. 89, 93-94, 127 S.Ct. 2197, 167 L.Ed.2d 1081 (2007); Hosp. Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740, 96 S.Ct. 1848, 48

---

[2] Defendant Tehrani also explained as follows: "The facts and references made in the report are individualized and specific to Mr. Thomas; there is no evidence to suggest that the evaluator commingled the records from two different inmates. The opinions and conclusions, including those pertaining to diagnoses and violence risk potential, are clearly supported by data gleaned from Mr. Thomas' file." (ECF No. 2-1, at 21.)

L.Ed.2d 338 (1976).  The court must also construe the alleged facts in the light most favorable to the plaintiff.  Scheuer v. Rhodes, 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974), overruled on other grounds by Davis v. Scherer, 468 U.S. 183, 104 S.Ct. 3012, 82 L.Ed.2d 139 (1984); Barnett v. Centoni, 31 F.3d 813, 816 (9th Cir. 1994) (per curiam).  All ambiguities or doubts must also be resolved in the plaintiff's favor.  See Jenkins v. McKeithen, 395 U.S. 411, 421, 89 S.Ct. 1843, 23 L.Ed.2d 404 (1969).  However, legally conclusory statements, not supported by actual factual allegations, need not be accepted.  Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 1949–50, 173 L.Ed.2d 868 (2009).  In addition, pro se pleadings are held to a less stringent standard than those drafted by lawyers.  See Haines v. Kerner, 404 U.S. 519, 520, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).  "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims."  Scheuer, 416 U.S. at 236.

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires "a short and plain statement of the claim showing that the pleader is entitled to relief" in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)).  However, in order to survive dismissal for failure to state a claim under Rule 12(b)(6), a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level."  Id. at 555–56.  The complaint must contain "enough facts to state a claim to relief that is plausible on its face."  Id. at 570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Iqbal, 556 U.S. at 678.  "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully."  Id. at 679 (quoting Twombly, 550 U.S. at 556).  "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility for entitlement to relief."  Id. at 680 (quoting Twombly, 550 U.S. at

557).

In deciding a Rule 12(b)(6) motion, the court generally may not consider materials outside the complaint and pleadings.  Cooper v. Pickett, 137 F.3d 616, 622 (9th Cir. 1998); Branch v. Tunnell, 14 F.3d 449, 453 (9th Cir. 1994).  The court may, however, consider: (1) documents whose contents are alleged in or attached to the complaint and whose authenticity no party questions, see id. at 454; (2) documents whose authenticity is not in question, and upon which the complaint necessarily relies, but which are not attached to the complaint, see Lee v. City of Los Angeles, 250 F.3d 668, 688 (9th Cir. 2001); and (3) documents and materials of which the court may take judicial notice, see Barron v. Reich, 13 F.3d 1370, 1377 (9th Cir. 1994).

## IV. DEFENDANT TEHRANI'S MOTION TO DISMISS

Defendant Tehrani argues that this case should be dismissed on the grounds that: (1) Plaintiff's claims are barred by the applicable statute of limitations; (2) Plaintiff's claims are barred by the doctrine of res judicata; and (3) Plaintiff failed to exhaust his state law claims with the California Victim Compensation and Government Claims Board pursuant to the Tort Claims Act (Cal. Gov't Code §§ 810, 900-935.7).  (ECF No. 31.)

### A. Request for Judicial Notice

Under Federal Rule of Evidence 201(b), "The court may judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."  Fed. R. Evid. 201(b); accord United States v. Ritchie, 342 F.3d 903, 908-09 (9th Cir. 2003).  "A court shall take judicial notice if requested by a party and supplied with the necessary information."  Id. at 201(c).  "[A] court may take judicial notice of its own records."  U.S. v. Author Svcs., Inc., 804 F.2d 1520, 1522 (9th Cir. 1986); Reyn's Pasta Bella, LLC v. Visa USA, Inc., 442 F.3d 741, 746 n. 6 (9th Cir. 2006); Bennett v. Medtronic, Inc., 285 F.3d 801, 803 n.2 (9th Cir. 2002) ("[W]e may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue") (internal quotation omitted).

Additionally, a court "may take judicial notice of a record of a state agency not subject to reasonable dispute." City of Sausalito v. O'Neill, 386 F.3d 1186, 1223 n. 2 (9th Cir. 2004); Evans v. CSP Sacramento, No. CIV S-10-1969, 2011 WL 4738472 at *4 (E.D. Cal. Oct. 5, 2011) (declaration from VCGCB's custodian of records that inmate had not filed a claim subject to judicial notice).

Defendant requests the court to take judicial notice of the following exhibits:

1. Exhibit A contains true and correct copies of the following docket events from the case Thomas v. California Board of Parole Hearing Commissioners, et al., No. 1:10-cv-00035-OWW-MJS (E.D. Cal. Jan. 14, 2011) (Ex. A at AGO.001-111):

    a. PACER Docket Sheet (Ex. A at AGO.001-006.)
    b. Excerpts from "Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody," filed January 7, 2010 by Josh Thomas. (Ex. A at AGO.007-093.)
    c. "Findings and Recommendations Regarding Respondent's Motion to Dismiss." (Ex. A at AGO.094-108.)
    d. "Order Adopting Findings and Recommendations." (Ex. A at AGO.109-110.)
    e. Order from the United States Court of Appeals for the Ninth Circuit, denying certificate of appealability. (Ex. A at AGO.111.)

2. Exhibit B is a true and correct copy of the Declaration of Katrina De Caro, Custodian of Records, California Victim Compensation and Government Claims Board (VCGCB), dated April 2, 2015. (Ex. B at AGO.112-114.)

(Req. for Judicial Notice, ECF No. 31-2 at 1-2.)

The court finds that Exhibit A consists of court records relevant to this case. Such documents are readily capable of judicial notice. The documents in Exhibit B, which pertain to Plaintiff's exhaustion efforts at the VCGCB, are part of a state administrative proceeding and may also be judicially noticed. These documents are relevant to the court's determination of

///

the exhaustion issue in defendant Tehrani's motion to dismiss. Therefore, the court shall grant Defendant's request for judicial notice.

### B. Statute of Limitations

#### 1. Legal Standard

In federal court, federal law determines when a claim accrues, and "under federal law, a claim accrues 'when the plaintiff knows or has reason to know of the injury which is the basis of the action.'" Lukovsky v. City and County of San Francisco, 535 F.3d 1044, 1048 (9th Cir. 2008) (quoting Two Rivers v. Lewis, 174 F.3d 987, 991 (9th Cir. 1999); Fink v. Shedler, 192 F.3d 911, 914 (9th Cir. 1999)). In the absence of a specific statute of limitations, federal courts should apply the forum state's statute of limitations for personal injury actions. Lukovsky, 535 F.3d at 1048; Jones v. Blanas, 393 F.3d 918, 927 (2004); Fink, 192 F.3d at 914. California's two-year statute of limitations for personal injury actions applies to 42 U.S.C. § 1983 claims. See Jones, 393 F.3d at 927. California's statute of limitations for personal injury actions requires that the claim be filed within two years. Cal. Code Civ. Proc., § 335.1.

In actions where the federal court borrows the state statute of limitations, the court should also borrow all applicable provisions for tolling the limitations period found in state law. See Hardin v. Straub, 490 U.S. 536, 539, 109 S.Ct. 1998, 2000 (1989). Pursuant to California Code of Civil Procedure, § 352.1, a two-year limit on tolling is imposed on prisoners. Section 352.1 provides, in pertinent part, as follows:

> (a) If a person entitled to bring an action, . . . is, at the time the cause of action accrued, imprisoned on a criminal charge, or in execution under the sentence of a criminal court for a term less than for life, the time of that disability is not a part of the time limited for the commencement of the action, not to exceed two years.

Cal. Code Civ. Proc., § 352.1.

The equitable tolling doctrine also tolls the statute of limitations while exhaustion occurs. Donoghue v. County of Orange, 848 F.2d 926, 930-31 (9th Cir. 1988); Addison v. State of California, 21 Cal.3d 313, 318 (1978). Additionally, whether an inmate is entitled to

equitable tolling is decided by state law except to the extent that it is inconsistent with federal law. Jones, 393 F.3d at 927. Under California law, equitable tolling is available where there is "timely notice, and lack of prejudice to the defendant, and reasonable and good faith conduct on the part of the plaintiff." Daviton v. Columbia/HCA Healthcare Corp., 241 F.3d 1131, 1132 (9th Cir. 2001) (quoting Addison, 21 Cal.3d at 319). Equitable tolling applies "to suspend or extend a statute of limitations as necessary to ensure fundamental practicality and fairness." Jones, 393 F.3d at 927 (quoting Lantzy v. Centex Homes, 31 Cal.4th 363, 370 (2003)). Application of equitable tolling "requires a balancing of the injustice to the plaintiff occasioned by the bar of his claim against the effect upon the important public interest or policy expressed by the . . . limitations statute." Jones, 393 F.3d at 927 (quoting Lantzy, 31 Cal.4th at 371)).

### 2. **Defendant's Motion**

Defendant argues that Plaintiff failed to comply with the applicable statute of limitations. Defendant contends that Plaintiff's § 1983 claim accrued on January 29, 2008, the date Plaintiff knew or had reason to know of the injury which formed the basis of his complaint, and therefore Plaintiff was required to file his complaint at the latest by January 29, 2012, four years after his claim accrued. (ECF No. 2-1 at 6.) Instead, Plaintiff filed his complaint in Fresno County Superior Court on April 21, 2014, more than six years later. (ECF No. 2-1 at 2.) Defendant asserts there is nothing in the complaint to indicate that Plaintiff should be entitled to exhaustion-based equitable tolling, and with respect to the state claims, Plaintiff is not entitled to equitable tolling because he did not file a claim with the VCGCB.

Plaintiff argues that Defendant is wrong because section 1983 does not contain a statute of limitations. Plaintiff alleges that he was under imminent danger when he filed the Complaint. Plaintiff also alleges that his injury was "ongoing" and he suffered damages from January 8, 2008 through 2010.

Defendant acknowledges that section 1983 does not contain its own statute of limitations, but asserts that under California state law, the federal court applies California's four-year statute of limitations for personal injury. Defendant argues that since Plaintiff did not file his lawsuit until April 21, 2014, his claim is barred by the applicable statute of limitations.

Defendant also argues that Plaintiff is not excused from the statute of limitations because of an imminent danger exception. Defendant also contends that Plaintiff has not cited any statute or case law to support this exception, and Defendant is not aware of any such exception to California's statute of limitations for personal injury suits. Defendant also asserts that Plaintiff has not identified any imminent physical injury, and Plaintiff's claim that his situation has been ongoing for over eight years belies his claim that any danger was "imminent."

### 3. Discussion

As discussed above, "under federal law, a claim accrues 'when the plaintiff knows or has reason to know of the injury which is the basis of the action.'" Lukovsky, 535 F.3d at 1048. "A claim may be dismissed under Rule 12(b)(6) on the ground that it is barred by the applicable statute of limitations only when 'the running of the statute is apparent on the face of the complaint.'" Von Saher v. Norton Simon Museum of Art at Pasadena, 592 F.3d 954, 969 (9th Cir. 2010) (quoting Huynh v. Chase Manhattan Bank, 465 F.3d 992, 997 (9th Cir. 2006)). "'[A] complaint cannot be dismissed unless it appears beyond doubt that the plaintiff can prove no set of facts that would establish the timeliness of the claim.'" Von Saher, 592 F.3d at 969 (quoting Supermail Cargo, Inc. v. U.S., 68 F.3d 1204, 1206 (9th Cir. 1995)). "[W]here the issue of limitations requires determination of when a claim begins to accrue, the complaint should be dismissed only if the evidence is so clear that there is no genuine factual issue and the determination can be made as a matter of law." Sisseton-Wahpeton Sioux Tribe v. United States, 895 F.2d 588, 591 (9th Cir. 1990); In re Swine Flu Prod. Liab. Litig., 764 F.2d 637, 638 (9th Cir. 1985); Lundy v. Union Carbide Corp., 695 F.2d 394, 397-98 (9th Cir.1982).

Here, the Court finds that the running of the limitations period is apparent on the face of Plaintiff's Complaint. The Complaint alleges that defendant Tehrani "caused the damage to Plaintiff on January 29, 2008, at [a] Board of Parole Hearing," when a psychological evaluation report for Plaintiff was used even though another inmate's records had been erroneously commingled with Plaintiff's records. (Complaint, ECF No 2-1 at 6.) Based on these allegations, it appears that the statute of limitations began to run on January 29, 2008. Plaintiff did not file this lawsuit until more than seven years later, on April 21, 2014. Even if Plaintiff's

1   ///

claim did not accrue until he was denied parole in February 2008, on the face of the complaint, Plaintiff's claims against defendant Tehrani are still barred.

Plaintiff's argument that he was under "imminent danger" when he filed the complaint and is therefore entitled to tolling of the limitations period is unavailing. The Court knows of no such exception to the running of the statute of limitations for personal injury, and as noted by Defendant, Plaintiff has not cited any statute or case law to support this exception. Plaintiff's argument that he is not subject to the statute because his injury was "ongoing" is unpersuasive. Plaintiff fails to support this argument except to claim that his "damages continue from January 8, 2008 – 2010." (ECF No. 35 at 6.) Plaintiff appears to argue that because his damages continued until 2010, his Complaint was timely filed in 2014. However, because a personal injury claim accrues when the plaintiff knows of the injury, and Plaintiff alleges in the Complaint that defendant Tehrani "caused the damage to Plaintiff on January 29, 2008," this argument fails.

Here, it appears beyond doubt that Plaintiff cannot prove any set of facts that would establish the timeliness of his claim. Therefore, Plaintiff's Complaint should be dismissed as barred by the statute of limitations.

### C. Res Judicata

#### 1. Legal Standard

The doctrine of *res judicata* bars the re-litigation of claims previously decided on their merits. Headwaters, Inc. v. U.S. Forest Serv., 399 F.3d 1047, 1051 (9th Cir. 2005). Under the doctrine of claim preclusion, a final judgment on the merits of an action precludes the parties or persons in privity with them from litigating the same claim that was raised in that action and all claims arising out of the same transaction or occurrence. See Taylor v. Sturgell, 128 S.Ct. 2161, 2171 (2008); Rest.2d Judgments § 18. "The elements necessary to establish *res judicata* are: '(1) an identity of claims, (2) a final judgment on the merits, and (3) privity between parties.'" Headwaters, Inc., 399 F.3d at 1052 (quoting Tahoe-Sierra Pres. Council, Inc. v. Tahoe Reg'l Planning Agency, 322 F.2d 1064, 1077 (9th Cir. 2003)). "[T]he doctrine of *res*

*judicata* (or claim preclusion) 'bars all grounds for recovery which *could have been* asserted, whether they were or not, in a prior suit between the same parties . . . on the same cause of action.'" Costantini v. Trans World Airlines, 681 F.2d 1199, 1201 (9th Cir. 1982) (quoting Ross v. IBEW, 634 F.2d 453, 457 (9th Cir. 1980) (emphasis added)).

When determining, for *res judicata* purposes, whether a present dispute concerns the same claims as did prior litigation, the Ninth Circuit considers: "(1) whether rights or interests established in the prior judgment would be destroyed or impaired by prosecution of the second action; (2) whether substantially the same evidence is presented in the two actions; (3) whether the two suits involve infringement of the same right; and (4) whether the two suits arise out of the same transactional nucleus of facts", which is the most important factor. Headwaters, Inc., 399 F.3d at 1052. A prior federal habeas decision may have preclusive effect in a separate section 1983 action. Hawkins v. Risley, 984 F.2d 321, 323 (9th Cir. 1993).

A defendant relying on *res judicata* as a defense must plead it as an affirmative defense. Blonder-Tongue Laboratories, Inc. v. University of Ill. Found., 402 U.S. 313, 350, 91 S.Ct. 1434, 1453 (1971). However, "if a court is on notice that it has previously decided the issue presented, the court may dismiss the action *sua sponte*, even though the defense has not been raised," Arizona v. California, 530 U.S. 392, 416, 120 S.Ct. 2304, 2318 (2000), provided that the parties have an opportunity to be heard prior to dismissal, Headwaters, Inc., 399 F.3d at 1055. "As a general matter, a court may, *sua sponte*, dismiss a case on preclusion grounds 'where the records of that court show that a previous action covering the same subject matter and parties had been dismissed.'" Id. at 1054-1055 (quoting Evarts v. W. Metal Finishing Co., 253 F.2d 637, 639 n. 1 (9th Cir. 1958)).

### 2. **Defendant's Motion**

Defendant argues that the elements necessary to establish *res judicata* were satisfied when Plaintiff's federal petition for habeas corpus, Thomas v. California Board of Parole Hearing Commissioners, et al., case number 1:10-v-00035-OWW-MJS (E.D. Cal., Jan. 14, 2011), filed on June 7, 2010, was denied, and as a result, Plaintiff is barred from bringing the present § 1983 case.

///

**Shared Identity of Claims**

Defendant argues that the habeas petition and the present case arise out of the same nucleus of facts because Plaintiff argued in both cases that "Dr. Wilkinson's l[a]ck of insight opinion confl[i]cts with other psychologists' insight opinion [and] as [a] result[] petitioner's parole hearing was prejudice[d]." (Req. for Judicial Notice, ECF No. 31-2, Exh. C at AGO.056.) Defendant asserts that Plaintiff pointed to the fact that his January 2008 "evaluation report . . . contained false information," including "information [that] appl[ied] to Mr. Carranza, not petitioner." (Id.) Defendant asserts that likewise here, Plaintiff claims that Rene Wilkinson erroneously inserted a damaging paragraph concerning Mr. Carranza into Plaintiff's psychological report, and that the error prejudiced him at his parole hearing, resulting in denial of parole. (Id. at 4, 7.)

Defendant asserts that Plaintiff also attached substantially the same evidence to both his habeas petition and the complaint in this case, including the January 2008 Board of Parole Hearings psychological evaluation report containing the erroneous reference to "Mr. Carranza." (Compare ECF No. 2-1 at 17 with Defendant's Req. for Judicial Notice, Exh. A at AGO.088.)

Defendant argues that Plaintiff's two suits both involve the infringement of the same right: in the present case, Plaintiff alleges a "Loss of Liberty," (ECF No. 2-1 at 3), and in the habeas petition Plaintiff alleged that "Ms. Wilkinson's opinion cause[d] petitioner to suffer prejudice . . . [and] petitioner's due process have and continue to be violated." (Req. for Judicial Notice, Exh. A at AGO.060.)

In addition, Defendant argues that because the habeas petition was denied, the Board of Parole Hearing's interests would be impaired if defendant Tehrani, an employee of the Board, were forced to defend a lawsuit involving the exact same claims.

**Final Judgment on the Merits**

Defendant argues that Plaintiff's habeas petition reached a final adjudication on the merits, asserting that in Plaintiff's habeas case, the district court denied Plaintiff's petition for writ of habeas corpus, finding, inter alia, that Plaintiff's "claims regarding his 2008 parole

hearing [were] not cognizable" in light of Swarthout v. Cooke, 131 S. Ct. 859 (2001). (Req. Judicial Notice at AGO.110.) Plaintiff appealed, but the Ninth Circuit denied his certificate of appealability. (Id. at AGO.111.)

### **Privity**

Defendant argues that the present case and the habeas petition involve parties in privity, because respondents in the habeas petition and defendant Tehrani are all employees of Board of Parole Hearings. Defendant asserts that the respondents to Plaintiff's habeas petition were the Board of Parole Hearings Commissioners and Ken Clark, a CDCR Warden, and here, defendant Tehrani is a Senior Psychologist for the Board.

### **3.    Plaintiff's Opposition**

Plaintiff argues that *res judicata* does not apply because the habeas petition does not share identity of claims with the present case; the habeas decision was not a final decision on the merits; and defendant Tehrani was not a party in the habeas case.

### **Identity of Claims**

Plaintiff argues that because the claim at issue in the habeas petition was a due process claim, and the claim in the present case is an Eighth Amendment claim, the two cases do not share identity of claims. Plaintiff asserts that the judgment in the habeas case denied his due process claims as noncognizable, whereas here, he brings completely different claims.

### **Final Judgment on the Merits**

Plaintiff argues that the habeas petition did not reach a final adjudication on the merits of Plaintiff's Eighth Amendment and state law claims, and therefore the denial of the habeas petition on Plaintiff's due process claim was not a final judgment on the merits of the claims brought in the § 1983 case.

### **Privity**

Plaintiff argues that the two cases do not involve the same parties or identity of parties because defendant Tehrani was not a party in the habeas petition, and the petition did not make reference to her name. Plaintiff asserts that the habeas action was against the Board of Parole Hearings and Warden Ken Clark, whereas this case is against defendants Tehrani and

Wilkinson as individuals, so the parties are not the same.

### 4. **Discussion**

The court finds that Plaintiff's Eighth Amendment claims against defendant Tehrani in this § 1983 action are not barred by *res judicata*, because although identity of claims and privity exist, the denial of Plaintiff's petition for habeas corpus was not a final judgment on the merits.

**Identity of Claims**

"Identity of claims exists when two suits arise from 'the same transactional nucleus of facts.'" Tahoe-Sierra Pres. Council, 322 F.3d at 1078 (quoting Owens v. Kaiser Found Health Plan, Inc., 244 F.3d 708, 714 (9th Cir. 2001). *Res judicata* bars relitigation of all grounds of recovery that were asserted, or could have been asserted, in a previous action between the parties . . ." Tahoe-Sierra Pres. Council, 322 F.3d at 1078 (quoting United States ex rel. Barajas v. Northrop Corp., 147 F.3d 905 (9th Cir.1998).

Here, there is a common transactional nucleus of facts in Plaintiff's two cases. Both cases arise from Plaintiff's allegations that another inmate's information was erroneously inserted into Plaintiff's psychological evaluation report which the Board considered at Plaintiff's parole hearing, resulting in denial of parole and violating Plaintiff's constitutional rights. Plaintiff's federal habeas petition raised eight different grounds for relief, including a claim that his January 2008 psychological evaluation report conflicted with previous reports and prejudiced his February 2008 parole hearing. In the habeas petition, Plaintiff points out that the report refers to a "Mr. Carranza," potentially bringing the reliability of the report into question. Plaintiff asserted that the Board violated his due process rights by relying on mistaken information in his psychological report to deny him parole.

In this § 1983 case, Plaintiff proceeds on an Eighth Amendment deliberate indifference claim against Defendants, based on their refusal to correct inaccurate information on Plaintiff's psychological report, which then led to the denial of Plaintiff's parole at a hearing in February 2008. In the § 1983 case, Plaintiff alleges that in January 2008, defendant Wilkinson, a contractor for the Board of Parole hearings, referred to another inmate, Inmate Carranza, and

15

included Inmate Carranza's data in Plaintiff's psychological evaluation report. Plaintiff alleges that defendant Tehrani, defendant Wilkinson's supervisor, was notified of the error and was asked to remove the other inmate's information from the report, which she did not do. Plaintiff alleges that the Board then relied on the erroneous report to deny him parole at a February 2008 hearing. The court finds that Plaintiff's two cases arise from the same collection of facts and therefore, identity of claims exists.

### Final Judgment on the Merits

*Res judicata* also requires a final judgment on the merits of Plaintiff's habeas case. There was no such final judgment here. Plaintiff's due process claim in the habeas case was not decided on the merits. Plaintiff's claims concerning the February 2008 parole hearing were denied as non-cognizable for *lack of jurisdiction* because of an intervening change in the law due to the Supreme Court's decision in Swarthout.[3] (emphasis added.) A dismissal for *lack of jurisdiction* generally is not a decision on the merits for *res judicata* purposes. Fed. R. Civ. P. 41(b).

### Privity

Even when the parties are not identical, privity may exist if "there is 'substantial identity' between parties, that is, when there is sufficient commonality of interest." Tahoe-Sierra Pres. Council, 322 F.3d at 1081 (quoting In re Gottheiner, 703 F.2d 1136, 1140 (9th Cir. 1983) (citation omitted); see also Stratosphere Litigation, 298 F.3d at 1142 n. 3 (finding privity when a party is "so identified in interest with a party to former litigation that he represents precisely the same right in respect to the subject matter involved") (citation omitted); Shaw v. Hahn, 56 F.3d 1128, 1131–32 (9th Cir. 1995) (finding privity when the interests of the party in the subsequent action were shared with and adequately represented by the party in the former

---

[3] In 2011, the United States Supreme Court overruled a line of Ninth Circuit precedent that had supported habeas review in California cases involving denials of parole by the Board of Parole Hearings and/or the governor. See Swarthout v. Cooke, 562 U.S. 216, 131 S.Ct. 859, 861 (2011). The Supreme Court held that federal habeas jurisdiction does not extend to review of the evidentiary basis for state parole decisions. Magee v. Arnold, No. 2:15-CV-2318 GGH P, 2016 WL 1060203, at *2 (E.D. Cal. Mar. 17, 2016)

action); United States v. ITT Rayonier, Inc., 627 F.2d 996, 1003 (9th Cir. 1980) ("[A] 'privy' may include those whose interests are represented by one with authority to do so.")) "Courts are no longer bound by rigid definitions of parties or their privies for purposes of applying collateral estoppel or *res judicata*." United States v. ITT Rayonier, Inc., 627 F.2d 996, 1003 (9th Cir. 1980).

Here, none of the parties are named in both actions. However, the defendants or respondents in both actions share a relationship to the Bureau of Parole Hearings and share each other's interests. Defendants Wilkinson and Tehrani are both employees of the Board and shared in causing the alleged injuries to Plaintiff, based on the same set of facts during which the individual defendants acted in their roles as employees in the interest of the Board. Defendants Wilkinson and Tehrani both had a significant interest in the outcome of the habeas action, even if they were not named as parties. Therefore, the court finds that privity exists for purposes of *res judicata*.

### D. CALIFORNIA TORT CLAIMS ACT
#### 1. Legal Standard

California's Government Claims Act requires that a tort claim against a public entity or its employees be presented to the California Victim Compensation and Government Claims Board, formerly known as the State Board of Control, no more than six months after the cause of action accrues. Cal. Gov. Code, §§ 900 *et seq.* Presentation of a written claim, and action on or rejection of the claim are conditions precedent to suit. State v. Superior Court of Kings County (Bodde), 32 Cal.4th 1234, 1245, 90 P.3d 116, 124, 13 Cal.Rptr.3d 534, 543 (2004); Mangold v. California Pub. Utils. Comm'n, 67 F.3d 1470, 1477 (9th Cir. 1995). To state a tort claim against a public employee, a plaintiff must allege compliance with the Government Claims Act or an excuse for noncompliance. State v. Superior Court, 32 Cal.4th at 1245, 90 P.3d at 124, 13 Cal.Rptr.3d at 543; Mangold, 67 F.3d at 1477; Karim-Panahi v. Los Angeles Police Dept., 839 F.2d 621, 627 (9th Cir. 1988).

#### 2. Defendant's Motion

Defendant argues that Plaintiff failed to exhaust his state law claims with the California

Victim Compensation and Government Claims Board (VCGCB) as required under the California Tort Claims Act.[4] Defendant provides evidence that Plaintiff did not present his state tort claims to the VCGCB prior to bringing suit. Defendant asserts that the VCGCB has no record of Plaintiff presenting any claims regarding the January 2008 incident at issue in his Complaint.

Plaintiff argues that because his claims in this action are not against the State itself or against Defendants in their official capacity, and Plaintiff sought more than $25,000.00 in his complaint, it would have been fruitless for Plaintiff to file a claim with the VCGCB. Nonetheless, Plaintiff asserts that he did exhaust his state law claims by presenting a claim to the VCGCB, and he provides evidence that his claim number G615306 was received by the VCGCB on December 17, 2013, and rejected on December 23, 2013. (ECF No. 35, Appx. 12.)

Defendant replies that Plaintiff presents no evidence to show that claim number G615306 to the VCGCB concerns the incident at issue in his Complaint. Defendant submits evidence that the custodian of records of the VCGCB searched VCGCB's records and was unable to find any claims filed by Plaintiff concerning an incident in January 2008. Defendant argues that even if Plaintiff did submit a relevant claim to the VCGCB on December 17, 2013, that claim would be late because it was presented more than six months after the accrual of his cause of action against defendant Tehrani.

### 3. **Discussion**

Defendant Tehrani is an employee of the Board of Parole Hearings which, as an agency of the State of California, is a public entity. Therefore, for Plaintiff to state a tort claim against defendant Tehrani, Plaintiff must allege compliance with the California Government Claims Act (GCA). Cal. Govt. Code, §§ 900 *et seq.*

Plaintiff's Complaint is silent as to whether or not he filed a government claim pursuant

---

[4] The California Tort Claims Act is now known as the Government Claims Act. City of Stockton v. Superior Court, 42 Cal. 4th 730, 741-42 (Cal. 2007) (adopting the practice of using Government Claims Act rather than California Tort Claims Act).

to the GCA, and Plaintiff's evidence that he purportedly filed claim number G615306 with the VCGCB on December 17, 2013, is not sufficient to show that Plaintiff filed a VCGCB claim relevant to his claim in this § 1983 case against defendant Tehrani that meets the requirements of the GCA.  The court concurs with defendant Tehrani that Plaintiff presents no evidence to show that his claim number G615306 to the VCGCB concerns the incident at issue in his Complaint or that he timely filed a VCGCB claim no more than six months after accrual of the claim.  Plaintiff alleges in the Complaint that an erroneous report generated in January 2008 caused denial of parole at his parole hearing in February 2008.  Accordingly, Plaintiff was required to file a VCGCB claim, at the latest, no later than six months after his parole was denied at the February 2008 parole hearing.  Plaintiff has submitted no evidence that he did so, or that he was excused from doing so.  Therefore, the court finds that Plaintiff failed to exhaust his remedies with the VCGCB, and therefore his state tort claims against defendant Tehrani should be dismissed.

## V.       CONCLUSION AND RECOMMENDATION

The court has found that Plaintiff's claims against defendant Tehrani in this action are not barred by *res judicata*.  However, the court finds that Plaintiff's Eighth Amendment claims against defendant Tehrani are barred by the statute of limitations, and Plaintiff's state law claims should be dismissed for Plaintiff's failure to exhaust his remedies required by California's Government Claims Act.[5]  Therefore, defendant Tehrani's Rule 12(b)(6) motion to dismiss Plaintiff's case should be granted as barred by the statute of limitations.

Based on the foregoing, IT IS HEREBY RECOMMENDED that:

1. Defendant Tehrani's Rule 12(b)(6) motion to dismiss Plaintiff's claims as barred by the statute of limitations, filed on August 28, 2016, be GRANTED;

2. The claims against defendant Tehrani be dismissed with prejudice for failure to

---

[5] Moreover, once Plaintiff's federal claims are dismissed, his state law claims fail.  Although the court may exercise supplemental jurisdiction over state law claims, Plaintiff must first have a cognizable claim for relief under federal law.  See 28 U.S.C. § 1367.  The Supreme Court has cautioned that "if the federal claims are dismissed before trial, . . . the state claims should be dismissed as well."  United Mine Workers of America v. Gibbs, 383 U.S. 715, 726 (1966).

state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure; and

3. Defendant Tehrani be dismissed from this action.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within thirty (30) days after being served with these Findings and Recommendations, any party may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within ten days after service of the objections. The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **February 10, 2017**          **/s/ Gary S. Austin**
                                      UNITED STATES MAGISTRATE JUDGE