| | |
|---|---|
| | |

# UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSH THOMAS, | 1:15-cv-527-LJO-GSA (PC) |
| Plaintiff, | ORDER ADDRESSING OBJECTION TO ORDER DENYING PLAINTIFF'S MOTION TO EXTEND TIME (ECF NO. 55) AND OBJECTIONS TO FINDINGS AND RECOMMENDATIONS (ECF No. 57); AND CONFIRMING ADOPTION OF FINDINGS AND RECOMMENDATIONS TO GRANT DEFENDANT TEHRANI'S MOTION TO DISMISS |
| v. | |
| RENE WILKINSON, et al., | |
| Defendants. | |

Josh Thomas ("Plaintiff") is a state prisoner proceeding *pro se* in this civil rights action pursuant to 42 U.S.C. § 1983. On February 10, 2017, the assigned magistrate judge issued Findings and Recommendations ("F&Rs") recommending that Defendant Jasmine A. Tehrani's motion to dismiss be granted. ECF No. 49. Specifically, the F&Rs recommended dismissal of Plaintiff's Eighth Amendment claims against defendant Tehrani as barred by the statute of limitations and dismissal of Plaintiff's state law claims against defendant Tehrani for failure to exhaust remedies required by California's Government Claims Act. *Id.* at 19. The parties were granted thirty days in which to file objections to the F&Rs. *Id.*

On March 3, 2017, Plaintiff moved for a 45 day extension of time to file objections to the F&Rs, asserting that he was "scheduled [for] out-side medical treatment/surgery for stomach bleeding and will be [on] call at any time for that treatment." ECF No. 51. He further explained that he has "other[] cases

1

pending in Sacramento District Court." *Id*. On March 9, 2017, the magistrate judge denied Plaintiff's motion to extend time to file objections to the F&Rs, reasoning that Plaintiff had provided insufficient detail regarding his physical or mental health conditions and noting, among other things, that "Plaintiff has filed and litigated more than twenty cases pro se in this court since 1990 and has responded timely to other orders in this case." ECF No. 53. On March 22, 2017, without any objections to the F&Rs on file, the Court adopted the F&Rs in full and granted Defendant Tehrani's motion to dismiss. ECF No. 54.

On March 23, 2017, the Court received a document entitled "Objection to Order Denying Plaintiff's Motion to Extend Time to File Objections," which asserted that he required an extension because he was preparing an opposition to another Defendant's motion to dismiss in this case "while suffering stomach bleeding, vomiting blood, nausea, irritation, anxiety, d[e]pression, severe posttraumatic stress, apraxia, delirium – cognitive and dementia, pain and suffering." ECF No. 55. The Court construes this as a request to consider late-filed objections, which Plaintiff then filed on April 3, 2017. *See* ECF No. 57.

First, the Court does not disagree with the magistrate judge's denial of Plaintiff's request for an extension. His complaints of physical and mental health issues are broad and non-specific, and, critically, fail to explain with any particularity how they interfere with his ability to meet this particular deadline, while allowing him to proceed with work on other aspects of this litigation. Nonetheless, in an abundance of caution, the Court has reviewed and considered the late-filed objections. In light of the entire record, including those objections, and in accordance with the provisions of 28 U.S.C. § 636 (b)(1)(B) and Local Rule 304, this court has conducted a de novo review of this case. Having carefully reviewed the entire file, the court confirms its earlier finding that the F&Rs are supported by the record and proper analysis.

Plaintiff objects that his claims against Defendant Tehrani are not barred by the statute of limitations because of the continuing violation doctrine. ECF No. 57 at 5-10. In sum, Plaintiff alleges that a typographical error in his psychological evaluation report led to repeated denials of his parole.

Defendant Tehrani supervised another psychologist, Dr. Wilkinson, who allegedly caused the error to be included in the psychological evaluation in 2008. Plaintiff alleges that his injuries continue to accrue each time the allegedly erroneous report prepared by Dr. Wilkinson is <u>accessed</u> by the Parole Board or others. However, continuing <u>impact</u> from a past violation is not actionable against Defendant Tehrani. Subsequent access by others to the report does not constitute an act on the part of Defendant Tehrani, thus Plaintiff cannot demonstrate a continuing violation by Defendant Tehrani.

Plaintiff also objects that equitable tolling should be applied to his claims. The Prison Litigation Reform Act ("PLRA") requires exhaustion of remedies within the prison grievance system before a section 1983 action related to prison conditions may be brought. 42 U.S.C. § 1997e(a). The statute of limitations may be equitably tolled while exhaustion of administrative remedies occurs. *Donoghue v. County of Orange*, 848 F.2d 926, 930-31 (9th Cir. 1988); *Addison v. State of California*, 21 Cal. 3d 313, 318 (1978). However, the only document attached by Plaintiff to his Objections is an "Inmate/Parolee Appeal form" that states:

> Appellant has and continue to be denied parole on multiple occasion, with one of the Board's recommendations and requests being that this writer received therapy while incarcerated. Appellant has approached CDC mental health staff several time to request therapy so I might satisfy this condition. Each request has been meet with refusal, with psychological evaluations concluding that appellant did not suffer from a mental disease or defect that would be remediable through psychotherapy.

ECF No. 57 at 37. The response to Plaintiff's appeal form, dated June 4, 2010, states "Denied. This is a BPH issue." *Id*. Other documents presented by Plaintiff appear to follow up on this appeal and include requests for "therapy." *Id*. at 45. None of the documents provided concern the issue raised in his Complaint in this case: the alleged inclusion of erroneous information in his psychological evaluation report. Therefore, Plaintiff's Inmate/Parolee Appeal and related documents cannot serve to toll the statute of limitations as to the claims in his Complaint.

Finally, Plaintiff offers absolutely no basis for the Court to question the F&R's conclusions regarding his failure to exhaust remedies required by California's Government Claims Act.

3

Accordingly, and for the reasons set forth above, this Court's original ruling on Defendant Tehrani's motion to dismiss remains unchanged. Defendant Tehrani's motion is GRANTED and all claims against Defendant Tehrani are DISMISSED.

IT IS SO ORDERED.

    Dated: __**May 4, 2017**__            _____/s/ Lawrence J. O'Neill_____
                                                         UNITED STATES CHIEF DISTRICT JUDGE