UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSH THOMAS,<br><br>        Plaintiff,<br><br>    vs.<br><br>WILKINSON, et al.,<br><br>        Defendants. | 1:15-cv-00527-LJO-GSA-PC<br><br>ORDER DENYING MOTION FOR LEAVE TO AMEND<br>(ECF No. 63.) |

## I. BACKGROUND

Josh Thomas ("Plaintiff") is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed the complaint commencing this action on April 21, 2014, at the Fresno County Superior Court, case number 14CECG01710. (ECF No. 2, Exh. A.) On April 2, 2015, defendant Jasmine A. Tehrani removed the complaint to federal court pursuant to 28 U.S.C. 1441(a). (ECF No. 2.) This case now proceeds with the original complaint against defendant Renee Wilkinson, Ph.D.[1] ("Defendant") on Plaintiff's Eighth Amendment deliberate indifference claim and related state claims.[2] (Id.)

---

[1] Sued as "Rene Wilkinson." (ECF No. 41 at 1:23-34.)

[2] On October 5, 2015, the court screened Plaintiff's Complaint and found that it stated an Eighth Amendment claim and state law claims against defendants Tehrani and Wilkinson. (ECF No. 30.) On March 22, 2017, the claims against defendant Tehrani were dismissed from this case as barred by the statute of limitations. (ECF No. 54.) Therefore, defendant Wilkinson is now the sole defendant in this case.

1

On May 22, 2017, Plaintiff filed a motion to add defendants to the Complaint. (ECF No. 63.) Plaintiff's motion is now before the court.

## II. LOCAL RULE 220 AND FEDERAL RULE OF CIVIL PROCEDURE 15(a) - AMENDING THE COMPLAINT

Local Rule 220 provides, in part:

> Unless prior approval to the contrary is obtained from the Court, every pleading to which an amendment or supplement is permitted as a matter of right or has been allowed by court order shall be retyped and filed so that it is complete in itself without reference to the prior or superseded pleading. No pleading shall be deemed amended or supplemented until this Rule has been complied with. All changed pleadings shall contain copies of all exhibits referred to in the changed pleading.

Under Rule 220, for Plaintiff to add defendants to the Complaint, he must file an amended complaint which is complete in itself.

Here, Plaintiff seeks leave to amend the Complaint to add defendants. Under Rule 15(a) of the Federal Rules of Civil Procedure, a party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served. Otherwise, a party may amend only by leave of the court or by written consent of the adverse party, and leave shall be freely given when justice so requires. Fed. R. Civ. P. 15(a). In this case, a responsive pleading has been served. Therefore, Plaintiff may not file an amended complaint without leave of court.

"Rule 15(a) is very liberal and leave to amend 'shall be freely given when justice so requires.'" AmerisourceBergen Corp. v. Dialysis West, Inc., 445 F.3d 1132, 1136 (9th Cir. 2006) (quoting Fed. R. Civ. P. 15(a)). However, courts "need not grant leave to amend where the amendment: (1) prejudices the opposing party; (2) is sought in bad faith; (3) produces an undue delay in the litigation; or (4) is futile." Id. The factor of "'[u]ndue delay by itself . . . is insufficient to justify denying a motion to amend.'" Owens v. Kaiser Foundation Health Plan, Inc., 244 F.3d 708, 712,13 (9th Cir. 2001) (quoting Bowles v. Reade, 198 F.3d 752, 757-58 (9th Cir. 1999))

Plaintiff seeks leave to add the Board of Parole Hearing's Commissioners and Forensic Assessment Psychologists as defendants. Plaintiff asserts that the Board of Parole Hearings

was well aware that defendant Wilkinson mingled Mr. Carranza's data with Plaintiff's information, because it ordered a new evaluation report, and the Board's Forensic Assessment Psychologist was also well aware, because they [*sic*] refused to general [*sic*] a new evaluation report. Plaintiff states that the Board has continued to rely on the false information as of this date and are liable for violating Plaintiff's constitutional rights "arising out of the same transaction." (ECF No. 63 at 1.) Plaintiff argues that the court should allow him to add these defendants because they "will rely on or review, and use, [Plaintiff]'s data even as of the last parole hearing." (Id. at 2.) Plaintiff argues that his motion to amend should be granted because of a "continuing violation of Plaintiff's constitutional right." (Id.)

Plaintiff's case now proceeds on his Eighth Amendment claim based on allegations that his psychological report was used at a Board of Parole hearing on January 29, 2008, even though another inmate's records had been erroneously commingled with Plaintiff's records in the report. (Complaint at 6-7.) Plaintiff claims that Defendant Wilkinson "knowingly, willingly and intentionally refused to generate a new Psychological Evaluation Report," despite a request by the Board and Plaintiff on two occasions. (Id. at 8). He further contends that defendant Wilkinson falsified his evaluation report, which the Board relied on to deny parole and order mental health therapy.

Presently, Plaintiff seeks to add members of the Board of Parole Hearings as defendants for the continuing violations of his rights, contending that they continue to rely on false information commingled with Plaintiff's data in the psychological report "as of this date" and "as of [Plaintiff's] last parole hearing." (ECF No. 63 at 2.) Plaintiff's reliance on the theory of a continuing violation is misplaced. The continuing violation doctrine is an equitable doctrine designed "to prevent a defendant from using its earlier illegal conduct to avoid liability for later illegal conduct of the same sort." O'Loghlin v. County of Orange, 229 F.3d 871, 875 (9th Cir. 2000). To establish a continuing violation, a plaintiff must show "a series of related acts against a single individual . . . that . . . 'are related closely enough to constitute a continuing violation.'" Green v. Los Angeles County Superintendent of Schools, 883 F.2d 1472, 1480-81 (9th Cir. 1989) (quotations and citations omitted). The mere continuing impact from a past

violation is not actionable under the continuing violation doctrine. Knox v. Davis, 260 F.3d 1009, 1013 (9th Cir. 2001). Therefore, it would be futile for Plaintiff to add defendants to this case based on a theory of continuing violations, and Plaintiff's motion to amend shall be denied.

Plaintiff is advised that if he brings another motion to amend in the future, he should submit a proposed amended complaint with the motion, for the court's review.

## III.  CONCLUSION

Based on this analysis, the court finds that Plaintiff's proposed amendment to the Complaint would be futile. Therefore, IT IS HEREBY ORDERED that Plaintiff's May 22, 2017, motion to amend the complaint is denied.

IT IS SO ORDERED.

Dated: **June 28, 2017**        /s/ Gary S. Austin
                             UNITED STATES MAGISTRATE JUDGE