UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSH THOMAS,<br><br>        Plaintiff,<br><br>    vs.<br><br>WILKINSON, et al.,<br><br>        Defendants. | 1:15-cv-00527-LJO-GSA-PC<br><br>**FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT DEFENDANT WILKINSON'S RULE 12(b)(6) MOTION TO DISMISS CASE AS BARRED BY STATUTE OF LIMITATIONS BE GRANTED, WITH PREJUDICE, AND THAT THIS DISMISSAL BE SUBJECT TO THE THREE-STRIKES PROVISION OF 28 U.S.C. § 1915(g)**<br><br>**(ECF No. 43.)**<br><br>**OBJECTIONS, IF ANY, DUE WITHIN FOURTEEN (14) DAYS** |

**I.    BACKGROUND**

    Josh Thomas ("Plaintiff") is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed the Complaint commencing this action on April 21, 2014, at the Fresno County Superior Court, case number 14CECG01710. (ECF No. 2, Exh. A.) On April 2, 2015, defendant Jasmine A. Tehrani removed the Complaint to federal court pursuant to 28 U.S.C. 1441(a). (ECF No. 2.)

1

On October 5, 2015, the court screened Plaintiff's Complaint and found that it stated an Eighth Amendment claim and state law claims against defendants Jasmine A. Tehrani and Renee Wilkinson, Ph.D.[1] (ECF No. 30.)

On August 29, 2016, defendant Tehrani filed a Rule 12(b)(6) motion to dismiss the claims against her on the grounds that: (1) Plaintiff's claims are barred by the applicable statute of limitations; (2) Plaintiff's claims are barred by the doctrine of res judicata; and (3) Plaintiff failed to exhaust his state law claims with the California Victim Compensation and Government Claims Board pursuant to the Tort Claims Act (Cal. Gov't Code §§ 810, 900-935.7). (ECF No. 31.) Also on August 29, 2016, defendant Tehrani filed a request for judicial notice in support of the motion to dismiss. (ECF No. 31-2.)

On November 11, 2016, defendant Wilkinson filed a separate motion to dismiss under Rules 12(b)(1) and 12(b)(6), and also joined defendant Tehrani's motion to dismiss and request for judicial notice. (ECF No. 43.)

On March 22, 2017, the court granted defendant Tehrani's motion to dismiss, thereby dismissing defendant Tehrani from this case. (ECF No. 54.) Therefore, defendant Wilkinson is now the sole defendant in this case, which now proceeds with the original Complaint against defendant Wilkinson on Plaintiff's Eighth Amendment deliberate indifference claim and related state claims. (Id.)

On March 30, 2017, Plaintiff filed an opposition to defendant Wilkinson's motion to dismiss. (ECF No. 56.) On April 7, 2017, defendant Wilkinson filed a reply. (ECF No. 58.) Defendant Wilkinson's motion to dismiss is now before the court. Local Rule 230(*l*).

## II.     SUMMARY OF PLAINTIFF'S ALLEGATIONS

Plaintiff is currently incarcerated at the California Medical Facility in Vacaville, California. The events at issue occurred while Plaintiff was incarcerated at the California Substance Abuse Treatment Facility in Corcoran, California, in the custody of the California Department of Corrections and Rehabilitation.

---

[1] Sued as "Rene Wilkinson." (ECF No. 41 at 1:23-34.)

Plaintiff alleges that defendants Tehrani and Wilkinson refused to correct inaccurate information in Plaintiff's psychological evaluation report, which led to the repeated denial of his parole. Plaintiff points to the following portion of his evaluation report, which erroneously contains information about another inmate named Carranza (Inmate Carranza), discussing Inmate Carranza's history of violence and substance abuse:

> Mr. Carranza's elevated "historical" variables included previous violence (i.e., life crime), and substance abuse problems (i.e., PCP abuse). There was one moderately elevated item on relationship instability. Given that the bulk of data contributing to this estimate is historical, then by definition, this score is not amenable to significant change regardless of the number of years of his incarceration.
>
> In the "clinical" or more current and dynamic domain of risk assessment score, the inmate had one moderate elevation on lack of insight due to his problems with perceiving his flaws and failures and his tendency to divert responsibility to external events and others.

(ECF No. 2-1, at 17.)

Plaintiff alleges that the Board of Parole Hearings (Board) and Plaintiff's attorney determined that the mistake caused serious prejudice at Plaintiff's parole hearing, and that the parole hearing scheduled for January 23, 2008, was postponed.

Plaintiff alleges that he and the Board gave notice to defendant Tehrani, Senior Psychologist and defendant Wilkinson's supervisor, that defendant Wilkinson had made an erroneous reference to another inmate and inserted the other inmate's data into Plaintiff's evaluation. Plaintiff states that he requested that Inmate Carranza's information be removed from the report.

On January 29, 2008, defendant Tehrani responded to Plaintiff's request, finding that the error did not invalidate the report. Defendant Tehrani said that the typing error had been corrected and a revised copy of the report had been submitted. She concluded, "The January 2008 Psychological Evaluation is valid and will serve as the evaluation on record at the time of the upcoming hearing. A new Psychological Evaluation is not warranted."[2] (ECF No. 2-1, at

---

[2] Defendant Tehrani also explained as follows: "The facts and references made in the report are individualized and specific to Mr. Thomas; there is no evidence to suggest that the evaluator commingled the records from two different inmates. The opinions and conclusions, including those pertaining to diagnoses and violence risk potential, are clearly supported by data gleaned from Mr. Thomas' file." (ECF No. 2-1, at 21.)

21.) Plaintiff alleges that defendant Wilkinson then generated the same report, and while she removed Inmate Carranza's name, Inmate Carranza's data was left in the report. The Board relied on this report to deny Plaintiff parole. Plaintiff alleges that each time he has a parole hearing, the Board reviews Inmate Carranza's data, causing Plaintiff to be denied a parole date.

Moreover, as a result of the commingling of data, Plaintiff believes that the Board recommended mental health therapy for him. Plaintiff filed a grievance requesting such therapy, but the request was denied. (ECF No. 2-1, at 35-36.)

Finally, Plaintiff contends that defendants Wilkinson and Tehrani not only falsified his psychological evaluation report, which the Board relied on to deny parole and order mental health therapy, but "knowingly, willingly and intentionally refused to generate a new Psychological Evaluation Report," despite a request by the Board and Plaintiff on two occasions. (ECF No. 2-1, at 8.)

Based on these allegations, Plaintiff claims that his Fourth, Fifth, and Eighth Amendment rights were violated. He also alleges state law claims for negligence and "intentional tort," and alleges that Defendants falsified his report in violation of California Penal Code sections 133 and 134.

Plaintiff requests $2,500,000 dollars in damages.

On October 5, 2015, the court found that Plaintiff only stated an Eighth Amendment claim and state law claims for negligence and intentional infliction of emotional distress in the Complaint against defendants Wilkinson and Tehrani. (ECF No. 12 at 6 ¶D.)

### III.	LEGAL STANDARDS

#### A.	<u>Motion to Dismiss</u>

In considering a motion to dismiss, the court must accept all allegations of material fact in the complaint as true. <u>Erickson v. Pardus</u>, 551 U.S. 89, 93-94, 127 S.Ct. 2197, 167 L.Ed.2d 1081 (2007); <u>Hosp. Bldg. Co. v. Rex Hosp. Trustees</u>, 425 U.S. 738, 740, 96 S.Ct. 1848, 48 L.Ed.2d 338 (1976). The court must also construe the alleged facts in the light most favorable to the plaintiff. <u>Scheuer v. Rhodes</u>, 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974), overruled on other grounds by <u>Davis v. Scherer</u>, 468 U.S. 183, 104 S.Ct. 3012, 82 L.Ed.2d 139

(1984); Barnett v. Centoni, 31 F.3d 813, 816 (9th Cir. 1994) (per curiam). All ambiguities or doubts must also be resolved in the plaintiff's favor. See Jenkins v. McKeithen, 395 U.S. 411, 421, 89 S.Ct. 1843, 23 L.Ed.2d 404 (1969). However, legally conclusory statements, not supported by actual factual allegations, need not be accepted. Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 1949–50, 173 L.Ed.2d 868 (2009). In addition, pro se pleadings are held to a less stringent standard than those drafted by lawyers. See Haines v. Kerner, 404 U.S. 519, 520, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972). "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." Scheuer, 416 U.S. at 236.

### B. Motion To Dismiss Under Rule 12(b)(1) – Subject Matter Jurisdiction

Pursuant to Rule 12(b)(1), a party may move to dismiss based on the court's lack of subject-matter jurisdiction. See Fed. R. Civ. P. 12(b)(1). "A federal court is presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears." Stock West, Inc. v. Confederated Tribes, 873 F.2d 1221, 1225 (9th Cir. 1989).

### C. Motion To Dismiss Under Rule 12(b)(6) – Failure to State a Claim

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires "a short and plain statement of the claim showing that the pleader is entitled to relief" in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)). However, in order to survive dismissal for failure to state a claim under Rule 12(b)(6), a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Id. at 555–56. The complaint must contain "enough facts to state a claim to relief that is plausible on its face." Id. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted

unlawfully." Id. at 679 (quoting Twombly, 550 U.S. at 556). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility for entitlement to relief." Id. at 680 (quoting Twombly, 550 U.S. at 557).

In deciding a Rule 12(b)(6) motion, the court generally may not consider materials outside the complaint and pleadings. Cooper v. Pickett, 137 F.3d 616, 622 (9th Cir. 1998); Branch v. Tunnell, 14 F.3d 449, 453 (9th Cir. 1994). The court may, however, consider: (1) documents whose contents are alleged in or attached to the complaint and whose authenticity no party questions, see id. at 454; (2) documents whose authenticity is not in question, and upon which the complaint necessarily relies, but which are not attached to the complaint, see Lee v. City of Los Angeles, 250 F.3d 668, 688 (9th Cir. 2001); and (3) documents and materials of which the court may take judicial notice, see Barron v. Reich, 13 F.3d 1370, 1377 (9th Cir. 1994).

## IV.  DEFENDANT WILKINSON'S MOTION TO DISMISS

Defendant Wilkinson brings a motion to dismiss under Rules 12(b)(1) and 12(b)(6), on the grounds that: 1) Plaintiff's complaint is barred by the statute of limitations; (2) Plaintiff's claims are barred by the doctrine of quasi-Judicial immunity; (3) Plaintiff's state law claims are barred by California Civil Code Section 47(b) and 47(c); (4) Plaintiff's claims are barred by the doctrine of res judicata; (5) Plaintiff failed to exhaust state law claims pursuant to the California Tort Claims Act; and (6) Plaintiff's case is barred by the Favorable Termination Doctrine of Heck v. Humphrey, 512 U.S. 477 (1994). (ECF No. 43.)

Defendant Wilkinson has joined defendant Tehrani's August 29, 2016, motion to dismiss and request for judicial notice. (ECF Nos. 31, 31-2, 41-1.) On March 22, 2017, ECF No. 52, the court granted Defendant Tehrani's request for judicial notice of the following exhibits:

1. Exhibit A contains true and correct copies of the following docket events from the case Thomas v. California Board of Parole Hearing Commissioners, et al.,

///

No. 1:10-cv-00035-OWW-MJS (E.D. Cal. Jan. 14, 2011) (Ex. A at AGO.001-111):

  a. PACER Docket Sheet (Ex. A at AGO.001-006.)

  b. Excerpts from "Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody," filed January 7, 2010 by Josh Thomas. (Ex. A at AGO.007-093.)

  c. "Findings and Recommendations Regarding Respondent's Motion to Dismiss." (Ex. A at AGO.094-108.)

  d. "Order Adopting Findings and Recommendations." (Ex. A at AGO.109-110.)

  e. Order from the United States Court of Appeals for the Ninth Circuit, denying certificate of appealability. (Ex. A at AGO.111.)

2. Exhibit B is a true and correct copy of the Declaration of Katrina De Caro, Custodian of Records, California Victim Compensation and Government Claims Board (VCGCB), dated April 2, 2015. (Ex. B at AGO.112-114.)

(See Order Granting defendant Tehrani's Request for Judicial Notice, ECF No. 49 at 7-8.) The court now grants the request for judicial notice on behalf of defendant Wilkinson for the same reasons.

### A.   Statute of Limitations

#### 1.   Legal Standard

In federal court, federal law determines when a claim accrues, and "under federal law, a claim accrues 'when the plaintiff knows or has reason to know of the injury which is the basis of the action.'" Lukovsky v. City and County of San Francisco, 535 F.3d 1044, 1048 (9th Cir. 2008) (quoting Two Rivers v. Lewis, 174 F.3d 987, 991 (9th Cir. 1999); Fink v. Shedler, 192 F.3d 911, 914 (9th Cir. 1999)). In the absence of a specific statute of limitations, federal courts should apply the forum state's statute of limitations for personal injury actions. Lukovsky, 535 F.3d at 1048; Jones v. Blanas, 393 F.3d 918, 927 (2004); Fink, 192 F.3d at 914. California's two-year statute of limitations for personal injury actions applies to 42 U.S.C. § 1983 claims.

See Jones, 393 F.3d at 927. California's statute of limitations for personal injury actions requires that the claim be filed within two years. Cal. Code Civ. Proc., § 335.1.

In actions where the federal court borrows the state statute of limitations, the court should also borrow all applicable provisions for tolling the limitations period found in state law. See Hardin v. Straub, 490 U.S. 536, 539, 109 S.Ct. 1998, 2000 (1989). Pursuant to California Code of Civil Procedure, § 352.1, a two-year limit on tolling is imposed on prisoners. Section 352.1 provides, in pertinent part, as follows:

> (a) If a person entitled to bring an action, . . . is, at the time the cause of action accrued, imprisoned on a criminal charge, or in execution under the sentence of a criminal court for a term less than for life, the time of that disability is not a part of the time limited for the commencement of the action, not to exceed two years.

Cal. Code Civ. Proc., § 352.1.

The equitable tolling doctrine also tolls the statute of limitations while exhaustion occurs. Donoghue v. County of Orange, 848 F.2d 926, 930-31 (9th Cir. 1988); Addison v. State of California, 21 Cal.3d 313, 318 (1978). Additionally, whether an inmate is entitled to equitable tolling is decided by state law except to the extent that it is inconsistent with federal law. Jones, 393 F.3d at 927. Under California law, equitable tolling is available where there is "timely notice, and lack of prejudice to the defendant, and reasonable and good faith conduct on the part of the plaintiff." Daviton v. Columbia/HCA Healthcare Corp., 241 F.3d 1131, 1132 (9th Cir. 2001) (quoting Addison, 21 Cal.3d at 319). Equitable tolling applies "to suspend or extend a statute of limitations as necessary to ensure fundamental practicality and fairness." Jones, 393 F.3d at 927 (quoting Lantzy v. Centex Homes, 31 Cal.4th 363, 370 (2003)). Application of equitable tolling "requires a balancing of the injustice to the plaintiff occasioned by the bar of his claim against the effect upon the important public interest or policy expressed by the . . . limitations statute." Jones, 393 F.3d at 927 (quoting Lantzy, 31 Cal.4th at 371)).

### 2. **Defendant Wilkinson's Motion – Statute of Limitations**

Defendant Wilkinson contends that Plaintiff's claims accrued on January 29, 2008, and that Plaintiff filed his initial Complaint on April 21, 2014, more than six years later. Defendant

Wilkinson argues that Plaintiff's claims against her are therefore time barred. To the extent that Plaintiff alleges a state law negligence cause of action distinguishable from his section 1983 claim, defendant Wilkinson argues that the one year statute of limitations period applicable to healthcare providers in California bars his action. Defendant also argues that Plaintiff cannot avail himself of equitable tolling for state law claims as he failed to exhaust his administrative remedies. Defendant Wilkinson joins in defendant Tehrani's Request for Judicial Notice, which defendant Wilkinson alleges demonstrates that Plaintiff failed to file a claim with the California Victim Compensation and Government Claims Board pursuant to the Tort Claims Act and thus failed to exhaust his administrative remedies for his state law claims. Defendant Wilkinson attests that there are no pleaded grounds for equitable tolling, and the running of the statute of limitations is apparent on the face of the Complaint.

### 3. **Plaintiff's Opposition**

Plaintiff first argues that defendant Wilkinson's motion to dismiss should be stricken pursuant to Rules 9(b) and 12(f) because defendant committed perjury, fraud, and deceit, and served the motion to dismiss untimely.

**Fed. R. Civ. P. 9(b) – Pleading Special Matters**

> (b) Fraud or Mistake; Conditions of Mind. In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally.

**Fed. R. Civ. P. 12(f) – Defenses and Objections**

> (f) Motion to Strike. The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter. The court may act:
>
> (1) on its own; or
>
> (2) on motion made by a party either before responding to the pleading or, if a response is not allowed, within 21 days after being served with the pleading.

Plaintiff alleges that defendant Wilkinson executed a false waiver of service because she could not have signed the waiver of service on the same date she was served with process. Plaintiff also alleges that it appears deceitful that defendant Wilkinson waived service on

October 19, 2016, and agreed to file an answer or motion within 60 days of September 30, 2016. Plaintiff also provides evidence that defendant Wilkinson's proof of service of the motion to dismiss states under penalty of perjury that the motion was served on November 11, 2016, but the motion was mailed to Plaintiff on December 6, 2016. (ECF No. 56, Exhs. 3 & 4.)

Plaintiff next argues that his claims against defendant Wilkinson are not barred by the statute of limitations. Plaintiff claims that January 29, 2008, the date Defendants caused him damage by failing to correct erroneous information on his psychological report, is not the date Plaintiff's claim accrued, because Defendants' conduct is ongoing, and therefore Plaintiff's injury is a continuing violation. Plaintiff claims that each time the erroneous information is used by the Board or CDCR staff, he suffers damages, and if the record is not corrected, he will continue to suffer.

Plaintiff also argues that his Complaint was timely because equitable tolling extended the limitation period while he exhausted his administrative remedies. Plaintiff claims that he did not complete the exhaustion process until September 29, 2010, and the time period within which the Complaint must be filed began on March 30, 2011, and ended four years later, on March 30, 2015. Plaintiff filed the Complaint on April 21, 2014, which he argues was timely because it was before March 30, 2015.

With respect to his state law claims, Plaintiff claims that he was not required to exhaust his state remedies, because (1) he is not suing the State of California, (2) defendants are sued in their individual capacity, and (3) defendant Wilkinson waived the claim presentation requirement defense when she failed to comply with the roster filing provision. Plaintiff requests the court to allow him to request further discovery from the Government Claims Board to obtain evidence that he exhausted his administrative remedies.

### 4. **Defendant Wilkinson's Reply**

Defendant Wilkinson asserts that pursuant to the court's findings and recommendations that defendant Tehrani's Rule 12(b)(6) motion to dismiss be granted, the running of the limitations period is apparent on the face of Plaintiff's Complaint. (ECF No. 49 at 10, ECF No.

54.)[3] Defendant has joined in defendant Tehrani's motion to dismiss. (ECF No. 43.) Defendant therefore argues that because the court granted defendant Tehrani's motion to dismiss as barred by the statute of limitations, Plaintiff's claims against defendant Wilkinson are also barred by the statute of limitations.

**5.    Discussion**

It is not clear how Rule 9 is applicable to Plaintiff's argument that the motion to dismiss should be stricken. Nonetheless, Plaintiff's arguments that defendant Wilkinson acted improperly and the motion to dismiss is deficient are unpersuasive. Neither Plaintiff's speculation nor his evidence demonstrate that defendant Wilkinson acted with fraud or deceit, that Plaintiff suffered any prejudice or harm, or that the motion to dismiss includes an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter. Therefore, the court finds no good cause to grant Plaintiff's motion to strike pursuant to Rule 9 or Rule 12(f).

Plaintiff's argument concerning the statute of limitations also fails. The statute of limitations issue is the same in defendant Wilkinson's case as in defendant Tehrani's case, because the claims against both defendants arose on the same date, January 29, 2008. The court's findings and recommendations discussed as follows.

> The Complaint alleges that defendant Tehrani "caused the damage to Plaintiff on January 29, 2008, at [a] Board of Parole Hearing," when a psychological evaluation report for Plaintiff was used even though another inmate's records had been erroneously commingled with Plaintiff's records. (Complaint, ECF No 2-1 at 6.) Based on these allegations, it appears that the statute of limitations began to run on January 29, 2008. Plaintiff did not file this lawsuit until more than seven years later, on April 21, 2014. Even if Plaintiff's claim did not accrue until he was denied parole in February 2008, on the face of the complaint, Plaintiff's claims against defendant Tehrani are still barred.
> ...
> Plaintiff . . . claim[s] that his "damages continue from January 8, 2008 – 2010." (ECF No. 35 at 6.) Plaintiff appears to argue that because his damages continued until 2010, his Complaint was timely filed in 2014. However, because a personal injury claim accrues when the plaintiff knows of the injury, and Plaintiff alleges in the Complaint that defendant Tehrani "caused the damage to Plaintiff on January 29, 2008," this argument fails.

---

[3] The court notes that the findings and recommendations, issued on February 10, 2017, were adopted in full by the district court on March 22, 2017. (ECF No. 54.)

...

Here, it appears beyond doubt that Plaintiff cannot prove any set of facts that would establish the timeliness of his claim. Therefore, Plaintiff's Complaint [against defendant Tehrani] should be dismissed as barred by the statute of limitations.

Plaintiff's claims against defendant Wilkinson should be dismissed for the same reasons.

Plaintiff's argument that his injury constitutes a continuing violation and therefore his claim has not accrued, is without merit. Plaintiff alleges that each time he has a parole hearing, the Board reviews Inmate Carranza's data, causing Plaintiff to be denied a parole date. However, a personal injury claim such as Plaintiff's accrues when the plaintiff knows of the injury, and the mere continuing impact from a past violation is not actionable under the continuing violation doctrine. Knox v. Davis, 260 F.3d 1009, 1013 (9th Cir. 2001). Therefore, Plaintiff's claim of injury does not constitute a continuing violation.

Plaintiff is correct that the equitable tolling doctrine tolls the statute of limitations while exhaustion of administrative remedies occurs. However, the court previously determined that Plaintiff failed to exhaust his remedies for his state tort claims in this case. The court found that "Plaintiff present[ed] no evidence to show that his claim number G615306 to the VCGCB concerns the incident at issue in his Complaint or that he timely filed a VCGCB claim no more than six months after accrual of the claim . . . and therefore failed to exhaust his remedies for his state tort claims." (ECF No. 49 at 19:4-7, 11-13.) Plaintiff now seeks to reopen discovery on this issue. However, Plaintiff has not identified the specific facts that further discovery would reveal, or explained why those facts would preclude summary judgment. Fed. R. Civ. P. 56.[4] Therefore, Plaintiff's request for further discovery is denied.

///

---

[4] Pursuant to Federal Rule of Civil Procedure 56(d)(2), if Plaintiff shows by affidavit or declaration that for specified reasons he cannot present facts to oppose Defendants' motion for summary judgment, the Court may defer ruling on the motion to allow time for further discovery. In order to gain a continuance under Rule 56(d), Plaintiff must identify by affidavit the specific facts that further discovery would reveal, and explain why those facts would preclude summary judgment. Tatum v. City and County of Sacramento, 441 F.3d 1090, 1100 (9th Cir. 2006); Tuvalu v. Woodford, No. CIV S-04-1724 RRB KJM P, 2007 WL 2900175, at 1-4 (E.D. Cal. Sept. 28, 2007).

Plaintiff also failed to timely exhaust his remedies for his federal claims. Plaintiff argues that he did not complete the exhaustion process until September 29, 2010, when the grievance he submitted on May 30, 2010, received a final decision. However, evidence of this appeal does not support Plaintiff's equitable tolling argument, because the appeal does not address any of Plaintiff's allegations or claims in the Complaint. This appeal concerns Plaintiff's grievance that CDC's mental health staff refused to provide him with therapy when he requested it. (ECF No. 56 at 18 and 77-89 (Exh. 5.)) Plaintiff's need for therapy or the CDC's refusal to provide it are not addressed anywhere in Plaintiff's Complaint, and this appeal does not concern any of the claims in Plaintiff's Complaint. Thus, Plaintiff's appeal submitted on May 30, 2016, does not toll the limitations period for any of the claims in this action.

As discussed above, "under federal law, a claim accrues 'when the plaintiff knows or has reason to know of the injury which is the basis of the action.'" Lukovsky, 535 F.3d at 1048. "A claim may be dismissed under Rule 12(b)(6) on the ground that it is barred by the applicable statute of limitations only when 'the running of the statute is apparent on the face of the complaint.'" Von Saher v. Norton Simon Museum of Art at Pasadena, 592 F.3d 954, 969 (9th Cir. 2010) (quoting Huynh v. Chase Manhattan Bank, 465 F.3d 992, 997 (9th Cir. 2006)). "'[A] complaint cannot be dismissed unless it appears beyond doubt that the plaintiff can prove no set of facts that would establish the timeliness of the claim.'" Von Saher, 592 F.3d at 969 (quoting Supermail Cargo, Inc. v. U.S., 68 F.3d 1204, 1206 (9th Cir. 1995)). "[W]here the issue of limitations requires determination of when a claim begins to accrue, the complaint should be dismissed only if the evidence is so clear that there is no genuine factual issue and the determination can be made as a matter of law." Sisseton-Wahpeton Sioux Tribe v. United States, 895 F.2d 588, 591 (9th Cir. 1990); In re Swine Flu Prod. Liab. Litig., 764 F.2d 637, 638 (9th Cir. 1985); Lundy v. Union Carbide Corp., 695 F.2d 394, 397-98 (9th Cir.1982).

Here, the Court finds that the running of the limitations period is apparent on the face of Plaintiff's Complaint. The Complaint alleges that defendant Wilkinson added information about another inmate to Plaintiff's psychological evaluation report, causing damage to Plaintiff

on January 29, 2008, when the erroneous report was used even though another inmate's records had been erroneously commingled with Plaintiff's records. (Complaint, ECF No 2-1 at 6.) Based on these allegations, the statute of limitations began to run on January 29, 2008. Plaintiff did not file this lawsuit until more than seven years later, on April 21, 2014. Thus, on the face of the Complaint, Plaintiff's claims against defendant Wilkinson are barred.

Here, it appears beyond doubt that Plaintiff cannot prove any set of facts that would establish the timeliness of his claims against defendant Wilkinson, and thus Plaintiff's case should be dismissed in its entirety because it is barred by the statute of limitations.

In light of the court's finding that Plaintiff's Eighth Amendment claims against defendant Wilkinson are barred by the statute of limitations, the remaining issues raised by defendant Wilkinson and Plaintiff in their pleadings are moot and need not be considered by the court. Plaintiff's Eighth Amendment claim and his pendant state law claims should be dismissed, and therefore this case should be dismissed in its entirety, with prejudice.[5]

### V. CONCLUSION AND RECOMMENDATION

The court finds that Plaintiff's Eighth Amendment claims against defendant Wilkinson in this action are barred by the applicable statute of limitations. Therefore, defendant Wilkinson's Rule 12(b)(6) motion to dismiss Plaintiff's case as barred by the statute of limitations should be granted, and this case should be dismissed in its entirety, with prejudice.

Based on the foregoing, IT IS HEREBY RECOMMENDED that:

1. Defendant Wilkinson's Rule 12(b)(6) motion to dismiss Plaintiff's claims as barred by the statute of limitations, filed on November 11, 2016, be GRANTED;
2. This case be dismissed in its entirety, with prejudice, for failure to state a claim; and
3. This dismissal count as a "strike" for purposes of 28 U.S.C. § 1915(g).

---

[5] Once Plaintiff's federal claims are dismissed, his state law claims fail. Although the court may exercise supplemental jurisdiction over state law claims, Plaintiff must first have a cognizable claim for relief under federal law. See 28 U.S.C. § 1367. The Supreme Court has cautioned that "if the federal claims are dismissed before trial, . . . the state claims should be dismissed as well." United Mine Workers of America v. Gibbs, 383 U.S. 715, 726 (1966).

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after the date of service of these Findings and Recommendations, any party may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within **ten (10) days** after the date of service of the objections. The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **July 5, 2017**   **/s/ Gary S. Austin**
UNITED STATES MAGISTRATE JUDGE