UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSH THOMAS,<br><br>　　　　　Plaintiff,<br><br>　　vs.<br><br>WILKINSON, et al.,<br><br>　　　　　Defendants. | 1:15-cv-00527-LJO-GSA-PC<br><br>**ORDER DENYING MOTION FOR DISQUALIFICATION OF DISTRICT JUDGE LAWRENCE J. O'NEILL**<br><br>**(ECF No. 68.)** |

**I.    BACKGROUND**

Josh Thomas ("Plaintiff") is a state prisoner proceeding *pro se* in this civil rights action pursuant to 42 U.S.C. § 1983.

On July 24, 2017, Plaintiff filed a motion to disqualify the undersigned District Judge Lawrence J. O'Neill from further participation in this case. (ECF No. 68.)

**II.    DISQUALIFICATION OF JUDGE - 28 U.S.C. § 455**

Plaintiff requests disqualification of District Judge Lawrence J. O'Neill from further participation in this case, under 28 U.S.C. § 455. Plaintiff claims that Judge O'Neill's court rulings in this action clearly show favoritism to Defendants and bias against Plaintiff. Plaintiff also claims that Judge O'Neill deliberately misrepresents facts, ignores Plaintiff's cases on point, intentionally denies all of Plaintiff's pleadings, and issues decisions contrary to law.

Federal law provides that "[a]ny justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). Section (b) of that statute sets forth a number of additional grounds for disqualification, including where the judge "has a personal bias or prejudice concerning a party," "personal knowledge of disputed evidentiary facts concerning the proceeding," where "in private practice he served as lawyer in the matter in controversy," or "has been a material witness concerning it." Id. § 455(b); see Pesnell v. Arsenault, 543 F.3d 1038, 1043 (9th Cir. 2008); U.S. v. Johnson, 610 F.3d 1138, 1147 (9th Cir. 2010). A motion under § 455 is addressed to, and must be decided by, the very judge whose impartiality is being questioned." Bernard v. Coyne, 31 F.3d 842, 843 (9th Cir. 1994).

Similarly, another federal statute provides that: "Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding." 28 U.S.C. § 144. Section 144 also provides that "[t]he affidavit shall state the facts and the reasons for the belief that bias and prejudice exists, . . . [and a] party may only file one such affidavit in any case." United States v. Sibla, 624 F.2d 864, 867 (9th Cir. 1980). Section 144 expressly conditions relief upon the filing of a timely and legally sufficient affidavit. Id. (citing *inter alia* United States v. Azhocar, 581 F.2d 735, 738-40 (9th Cir. 1978), cert. denied 440 U.S. 907 (1979). "If the judge to whom a timely motion is directed determines that the accompanying affidavit specifically alleges facts stating grounds for recusal under section 144, the legal sufficiency of the affidavit has been established, and the motion must be referred to another judge for a determination of its merits." Id. (citing Azhocar, 581 F.2d at 738).

The substantive standard is "'[W]hether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned.'" Pesnell, 543 F.3d at 1043 (quoting United States v. Hernandez, 109 F.3d 1450, 1453 (9th Cir. 1997)). However, the bias must arise from an extra-judicial source and cannot be based solely on

information gained in the course of the proceedings.  Id. (citing Liteky v. United States, 510 U.S. 540, 554-56 (1994).  "'Judicial rulings alone almost never constitute a valid basis for a bias or partiality motion.'"  In re Focus Media, Inc., 378 F.3d 916, 930 (9th Cir. 2004) (quoting Liteky, 510 U.S. at 555).  "'In and of themselves . . , they cannot possibly show reliance upon an extrajudicial source; and can only in the rarest circumstances evidence the degree of favoritism or antagonism required . . . when no extrajudicial source is involved.'"  Id.

Considering the allegations against Judge O'Neill, Plaintiff's motion must be denied.  Plaintiff's motion identifies no extra-judicial bias, prejudice, or favoritism toward any party.  Rather, Plaintiff takes issue with a series of rulings which largely, but not uniformly, deny him the relief he has requested.  Plaintiff's disagreement with the court's rulings is not a legitimate ground for seeking disqualification.  Those rulings are ordinary applications of the law.  Plaintiff's motion falls well short of establishing any basis for disqualification.

### III.  CONCLUSION

Based on the foregoing, Plaintiff's motion for disqualification of District Judge Lawrence J. O'Neill from further participation in this case, filed on July 24, 2017, is DENIED.

IT IS SO ORDERED.

Dated:  **July 28, 2017**                    **/s/ Lawrence J. O'Neill**
                                                   UNITED STATES CHIEF DISTRICT JUDGE