UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSH THOMAS,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>WILKINSON, et al.,<br><br>　　　　Defendants. | 1:15-cv-00527-LJO-GSA-PC<br><br>**ORDER DENYING MOTION FOR RECONSIDERATION**<br><br>**ORDER DENYING MOTION FOR DISQUALIFICATION OF MAGISTRATE JUDGE GARY S. AUSTIN**<br><br>**(ECF No. 68.)** |

**I.　BACKGROUND**

Josh Thomas ("Plaintiff") is a state prisoner proceeding *pro se* in this civil rights action pursuant to 42 U.S.C. § 1983.

On July 24, 2017, Plaintiff filed objections to the court's orders denying his motion to amend and striking his surreply. (ECF No. 68.) The court construes Plaintiff's objections as a motion for reconsideration of the orders. Plaintiff also requests disqualification of Magistrate Judge Gary S. Austin from further participation in this case. (Id.)

**II.　MOTION FOR RECONSIDERATION**

Rule 60(b) allows the Court to relieve a party from an order for "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with

reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; or (6) any other reason that justifies relief." Fed. R. Civ. P. 60(b). Rule 60(b)(6) "is to be used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances . . ." exist. Harvest v. Castro, 531 F.3d 737, 749 (9th Cir. 2008) (internal quotations marks and citation omitted). The moving party "must demonstrate both injury and circumstances beyond his control . . ." Id. (internal quotation marks and citation omitted). In seeking reconsideration of an order, Local Rule 230(k) requires Plaintiff to show "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion."

"A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law," Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571 F.3d 873, 880 (9th Cir. 2009) (internal quotations marks and citations omitted, and "[a] party seeking reconsideration must show more than a disagreement with the Court's decision, and recapitulation . . ." of that which was already considered by the Court in rendering its decision," U.S. v. Westlands Water Dist., 134 F.Supp.2d 1111, 1131 (E.D. Cal. 2001). To succeed, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision. See Kern-Tulare Water Dist. v. City of Bakersfield, 634 F.Supp. 656, 665 (E.D. Cal. 1986), affirmed in part and reversed in part on other grounds, 828 F.2d 514 (9th Cir. 1987).

     A.     **<u>Order Denying Plaintiff's Motion for Leave to Amend (ECF No. 65.)</u>**

On June 29, 2017, the court issued an order denying Plaintiff's motion for leave to add new defendants to her complaint as futile, on the ground that the continuing violation doctrine is not applicable to this case. (ECF No. 65.) Plaintiff now requests reconsideration of the court's decision, arguing that the continuing violation doctrine is applicable to this case because "Plaintiff['s] motion contends a serious of related acts against him." (ECF No. 68 at 2.)

Plaintiff's argument is unpersuasive. In 2002, the United States Supreme Court rejected the "related acts" aspect of the continuing violations doctrine. National Railroad Passenger Corp. v. Morgan, 536 U.S. 101 (2002); see Carpinteria Valley Farms, Ltd. v. County of Santa Barbara, 344 F.3d 822, 828 (9th Cir. 2003); also see Committee Concerning Cmty. Improvement v. City of Modesto, 583 F.3d 690, 702 (9th Cir. 2009) (continuing violation doctrine held inapplicable because plaintiffs did not show "a pattern or practice of discrimination but rather ongoing harm resulting from earlier discrete decisions.") Plaintiff has not set forth facts or law of a strongly convincing nature in his motion for reconsideration to induce the court to reverse its prior decision. Therefore, the motion shall be denied.

### B. Order Striking Surreply (ECF No. 66.)

On May 4, 2017, Plaintiff filed a motion for extension of time to file a surreply.[1] (ECF No. 61.) The court denied the extension of time, because Plaintiff did not have leave of court to file a surreply and had not shown good cause to file one. (ECF No. 62.) On May 22, 2017, without requesting further leave of court, Plaintiff filed the surreply. (ECF No. 64.) On June 29, 2017, the court issued an order striking Plaintiff's improperly filed surreply. (ECF No. 66.)

Now Plaintiff seeks reconsideration of the court's order striking the surreply. (ECF No. 68.) Plaintiff argues that his surreply should not have been stricken because defendant Wilkinson's response to Plaintiff's opposition presented new evidence, and defendant Wilkinson did not object to the filing of a surreply. (ECF No. 68.) These arguments are unavailing. Plaintiff has not shown any new or different facts or circumstances to cause the court to reverse its decision to strike a document that Plaintiff filed in violation of a court order. Therefore, the motion for reconsideration on this issue shall be denied.

### III. DISQUALIFICATION OF JUDGE - 28 U.S.C. § 455

Plaintiff requests the disqualification of the undersigned Magistrate Judge Gary S. Austin from further participation in this case, under 28 U.S.C. § 455. Plaintiff claims that

---

[1] Plaintiff sought to file a response to defendant Wilkinson's reply to Plaintiff's opposition to defendant Wilkinson's motion to dismiss. (Id.)

Judge Austin's court rulings in this action clearly show favoritism to Defendants and bias against Plaintiff.  Plaintiff claims that Judge Austin deliberately misrepresents facts, ignores Plaintiff's cases on point, intentionally denies all of Plaintiff's pleadings, and issues decisions contrary to law.

Federal law provides that "[a]ny justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a).  Section (b) of that statute sets forth a number of additional grounds for disqualification, including where the judge "has a personal bias or prejudice concerning a party," "personal knowledge of disputed evidentiary facts concerning the proceeding," where "in private practice he served as lawyer in the matter in controversy," or "has been a material witness concerning it." Id. § 455(b).

"The standard for judicial disqualification under 28 U.S.C. § 455 is whether a reasonable person, with full knowledge of all the circumstances, would harbor doubts about the judge's impartiality." Matassarin v. Lynch, 174 F.3d 549, 571 (5th Cir. 1999) (citation omitted). The standard for bias is an objective one: "it is with reference to the well-informed, thoughtful and objective observer, rather than the hypersensitive, cynical, and suspicious person." Andrade v. Chojnacki, 338 F.3d 448, 455 (5th Cir. 2003) (quotation marks and citation omitted).

**C.      Discussion**

Plaintiff's motion must be denied.  Plaintiff's motion identifies no extra-judicial bias, prejudice, or favoritism by Judge Austin toward any party.  As discussed above, a judge's rulings while presiding over a case do not constitute extra-judicial conduct. In re Focus Media, Inc., 378 F.3d at 930.  Plaintiff's disagreement with the court's rulings is not a legitimate ground for seeking disqualification.

**IV. CONCLUSION**

Based on the foregoing, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for reconsideration, filed on July 24, 2017, is DENIED; and

///

2. Plaintiff's motion for disqualification of Magistrate Judge Gary S. Austin from further participation in this case, filed on July 24, 2017, is DENIED.

IT IS SO ORDERED.

Dated: **July 28, 2017**           **/s/ Gary S. Austin**
                                   UNITED STATES MAGISTRATE JUDGE